COMMONWEALTH *vs.* SHAWN KENNEDY.

Hampden. October 1, 2001. - December 28, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Sex Offender. Practice, Civil,* Sex offender. *Statute,* Construction.

In a proceeding on a petition filed by the Commonwealth under G. L. c. 123A for the civil commitment of the defendant as a sexually dangerous person, in support of which petition the qualified examiners' reports were not filed until fifteen months after the defendant's commitment, a Superior Court judge correctly allowed the defendant's motion to dismiss on the ground that there had been a violation of clear and unambiguous statutory language requiring that a defendant in a G. L. c. 123A case be committed for an initial period not exceeding sixty days, and that the reports of examination and diagnosis be filed within forty-five days. [529-530]
This court emphasized that the Department of Correction must give notice to a district attorney's office six months prior to an inmate's discharge date to ensure that the Commonwealth will be able to complete before discharge most, if not all, of the proceedings under G. L. c. 123A for the civil commitment of the defendant as a sexually dangerous person. [530-531]

PETITION filed in the Superior Court Department on February 23, 2000.

Following orders of temporary commitment issued by *Bertha D. Josephson,* J., and for immediate examination issued by *Tina S. Page,* J., a motion to dismiss was heard by *Peter A. Velis,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Elizabeth Dunphy Farris,* Assistant District Attorney, for the Commonwealth.

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

IRELAND, J. The day before the defendant, Shawn Kennedy, was scheduled to be released from prison, the Commonwealth filed a petition under G. L. c. 123A for his civil commitment as a sexually dangerous person, and he was not released. Three weeks later, on March 16, 2000, a judge in the Superior Court

found probable cause to believe that the defendant was sexually dangerous and, pursuant to G. L. c. 123A, § 13 (*a*),[1] ordered that he be committed temporarily to the Massachusetts Treatment Center for examination and diagnosis. The treatment center never received notice of this order. Thirteen months later, the defendant still had not been examined, and another judge ordered that he be examined immediately. This order, too, failed to reach the treatment center in a timely fashion. As a result, the qualified examiners' reports, which by statute must be filed within forty-five days of the individual's commitment, were not filed until fifteen months after the defendant's "temporary" commitment. A third Superior Court judge allowed the defendant's motion to dismiss. The Commonwealth appealed, and we transferred the case to this court on our own motion. Because we conclude that there has been a violation of the clear and unambiguous statutory language requiring (a) that a defendant in a G. L. c. 123A case be committed for an initial period not exceeding sixty days, and (b) that the reports of examination and diagnosis be filed within forty-five days, we affirm.

*Procedural history.* On May 8, 2000, fifty-three days after his temporary commitment in March, 2000, the defendant moved for, and two days later was granted, a stay of the G. L. c. 123A proceedings against him while he appealed from the finding of probable cause. The denial of his petition for relief from the finding of probable cause was docketed on May 15, 2000, thus terminating the stay.[2] Sixty-six days later, on July 20, 2000, he sought and was granted a second stay pending a decision on a

---

[1] "If the court is satisfied that probable cause exists to believe that the person named in the petition is a sexually dangerous person, the prisoner or youth shall be committed to the treatment center for a period not exceeding 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the court a written report of the examination and diagnosis and their recommendation of the disposition of the person named in the petition." G. L. c. 123A, § 13 (*a*).

[2] The Commonwealth argues that the judge assumed that the stay expired on May 15, 2000, with nothing in the record for support, and that an evidentiary hearing on this issue was required. We disagree. The stay was requested and allowed "pending resolution of the [a]ppeal of the [f]inding of [p]robable [c]ause." That appeal was resolved on May 15, 2000, and the stay expired on its own terms.

motion to dismiss in which he challenged G. L. c. 123A as applied to him on ex post facto grounds. The motion to dismiss was denied in August. He then sought a third stay, this time pending this court's decision in *Commonwealth* v. *Bruno*, 432 Mass. 489 (2000) (upholding G. L. c. 123A against ex post facto challenge). For the third time, a stay was allowed. The *Bruno* decision (issued on September 29, 2000) did not affect the defendant's case, and the Commonwealth moved in December to vacate the stay.

In April of 2001, the defendant moved to dismiss on the ground that the time constraints set forth in G. L. c. 123A, § 13 (*a*), had not been met. The judge noted that the Commonwealth's pending motion to vacate the stay had never been acted on, and, because a stay had been in effect at the defendant's request, the judge reasoned that the defendant could not complain about the delay in his examination. She denied his motion to dismiss, allowed the Commonwealth's motion to vacate the stay, and ordered on April 10, 2001, both from the bench and in writing that the Commonwealth arrange for the defendant to be examined "immediately."

At some point before the end of April, the prosecutor realized that the treatment center had never been notified of either one of the two orders of commitment, without which it could not authorize the defendant's examinations. The center received that order on May 15, 2001. On June 1, fifty-two days after the judge's order that the defendant be examined "immediately," the defendant filed another motion to dismiss because more than forty-five days had passed and the court had not yet received the qualified examiners' reports. Those reports were not received until June 28, 2001. The judge granted the defendant's motion to dismiss the following day.

*Discussion.* The Commonwealth argues that the clerk's office is at fault, and it should not be penalized for the clerk's mistake. It points out that, if we counted from the day that the treatment center received notice of the order of commitment, then the examiners' reports would have been received within the required forty-five days. Therefore, says the Commonwealth, "notwithstanding the ordinary meaning of G. L. c. 123A, § 13 (*a*)," in this case we should count from the date of actual notice to the treatment center. We disagree.

Where the statutory language is clear, courts apply the plain and ordinary meaning of that language. See, e.g., *Victor V.* v. *Commonwealth*, 423 Mass. 793, 794 (1996), and cases cited. The statute at bar is quite clear. It requires that the person named in the petition "shall be committed to the treatment center for a period not exceeding 60 days . . . under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the court a written report." G. L. c. 123A, § 13 (*a*). In other words, qualified examiners "shall" file written reports no later than forty-five days after commitment. *Id.* Leaving aside the times the action was stayed, the defendant had been committed for more than forty-five days on three separate occasions with no qualified examiners' reports on file.

The word "shall" in this context, where substantive rights are involved, indicates that the action is mandatory. This imperative is at its strongest in such cases. See *Commonwealth* v. *Cook*, 426 Mass. 174, 180-181 (1997), citing *Hashimi* v. *Kalil*, 388 Mass. 607, 609-610 (1983). "It must be kept in mind that this statute provides a mechanism for a restraint on an individual's personal liberty." *Hashimi* v. *Kalil*, *supra* at 610. Cf. *Box Pond Ass'n* v. *Energy Facilities Siting Bd.*, *ante* 408, 415 n.7 (2001), citing *Kiss* v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 157 (1976) (where "shall" appears in a statutory provision that is "only a regulation for the orderly and convenient conduct of public business," it is directory and not mandatory). The Commonwealth failed to provide the defendant with the protections mandated by the statute, resulting in a period of detention for examination vastly in excess of the maximum allowed by the statute. Although the Commonwealth attempts to minimize the damage done to the defendant as "relatively innocuous," confinement without legal justification is never innocuous.[3]

Finally, we note that the Department of Correction must give notice to the district attorney's office six months prior to an inmate's anticipated discharge date, thus ensuring that the Com-

---

[3]The facts in this case support the judge's decision to dismiss, and the Commonwealth concedes that any alternative remedies to dismissal it might suggest in this case are now moot. We thus need not consider whether lesser violations of the deadlines in G. L. c. 123A may result in some lesser sanction.

monwealth will be in a position to complete most, if not all, of the G. L. c. 123A proceedings before the inmate's discharge.[4] See G. L. c. 123A, § 12 (*a*); *Commonwealth* v. *Bruno*, *supra* at 513. Based on the record before us, that did not happen here. The Commonwealth was notified of the impending discharge only a few days before the defendant's release date. The defendant's discharge date was less than six months after the requirement's enactment (St. 1999, c. 74, § 8, effective September 10, 1999), see *id.* at 491-492 n.3 (forgiving lack of notice given recency of requirement), and he did not argue for relief on this point, but we caution the relevant agencies to fulfil this statutory duty. Where, as here, the G. L. c. 123A proceedings are still ongoing and the defendant is detained beyond his discharge date, the liberty interests at stake compel strict adherence to the time frames set forth in the statute.

We affirm the judge's allowance of Kennedy's motion to dismiss the Commonwealth's petition for civil commitment as a sexually dangerous person.

*So ordered.*

---

[4]From the court's determination of probable cause, the examiners have forty-five days to file their reports. See G. L. c. 123A, § 13 (*a*). The district attorney's office has fourteen days from the filing of those reports in which it may petition for trial, and trial will be set within sixty days of the petition. See G. L. c. 123A, § 14 (*a*). Barring extensions for good cause shown or in the interests of justice, see *id.*, the total time from the determination of probable cause to trial will be approximately four months.