COMMONWEALTH vs. DANIEL PARRA.

Suffolk. September 7, 2005. - November 2, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Sex Offender. Practice, Civil,* Sex offender. *Statute,* Construction.

This court concluded that the deadlines contained in the sexually dangerous person statute, G. L. c. 123A, § 13 (*a*), are mandatory to protect a defendant's liberty interest, and that any delay by the Commonwealth that results in a confinement exceeding sixty days is a violation of the statute; therefore, a judge in the Superior Court properly dismissed the Commonwealth's petition for civil commitment of the criminal defendant where there had been a delay in the filing of the qualified examiners' reports that resulted in the defendant being civilly confined for more than sixty days. [264-267]

PETITION filed in the Superior Court Department on March 18, 2003.

Following an order of temporary commitment issued by *Diane M. Kottmyer*, J., a motion to dismiss the petition was heard by *Elizabeth M. Fahey*, J., and a motion for reconsideration was also heard by her.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*A.J. Camelio*, Assistant District Attorney, for the Commonwealth.

*David Hirsch*, Committee for Public Counsel Services, for the defendant.

IRELAND, J. In this case we answer a question left open by our decision in *Commonwealth* v. *Kennedy*, 435 Mass. 527, 530 n.3 (2001), concerning deadlines contained in the sexually dangerous person statute, G. L. c. 123A, § 13 (*a*).[1] In the *Kennedy* case,

---

[1]General Laws c. 123A, § 13 (*a*), states: "If the court is satisfied that probable cause exists to believe that the person named in the petition is a sexually dangerous person, the prisoner or youth shall be committed to the [Mas-

we held that a violation of the statute's sixty-day commitment and evaluation period required dismissal of the Commonwealth's petition for civil commitment where there was a fifteen-month delay in the filing of the qualified examiners' reports. *Id.* at 528. Although we found that the "period of detention for examination [was] vastly in excess of the maximum allowed by the statute," we did not decide whether *any* violation of the statute's sixty-day deadline requires a dismissal of the Commonwealth's petition for civil commitment of a defendant as a sexually dangerous person. *Id.* at 530. The statute's deadlines are mandatory to protect a defendant's liberty interest, and any delay by the Commonwealth that results in a confinement exceeding sixty days is a violation of the statute. Because we conclude that dismissal is the appropriate remedy for any violation of the sixty-day deadline, absent extraordinary circumstances that would justify a very brief delay, we affirm the decision of the Superior Court allowing the defendant's motion for reconsideration and the motion to dismiss.

*Facts and procedural history.* On March 18, 2003, the Commonwealth filed a petition pursuant to G. L. c. 123A, § 12 (*b*), alleging the defendant to be a sexually dangerous person who should be committed under G. L. c. 123A, § 14 (*d*). The defendant, who was serving a sentence for rape of a child by force and rape of a child, was due to be released from prison on July 9, 2003. On July 13, 2004,[2] after an evidentiary hearing, a Superior Court judge found probable cause to believe the defendant was a sexually dangerous person and committed him to the Massachusetts Treatment Center (treatment center) for the purpose of examination and diagnosis by two qualified examiners. However, the Department of Correction (department) was not notified of the finding of probable cause until October 8, 2004. See G. L. c. 123A, § 2. Because the depart-

sachusetts Treatment Center] for a period not exceeding 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the court a written report of the examination and diagnosis and their recommendation of the disposition of the person named in the petition."

[2]The delay between March, 2003, and July, 2004, was not challenged below and is not at issue in this appeal.

ment was not so notified, the statutorily required report of the two qualified examiners was not ordered and was not filed with the court within the statute's forty-five day requirement. See G. L. c. 123A, § 13 (a). Notwithstanding the absence of a report from the qualified examiners, the Commonwealth filed a petition for trial on September 22, 2004. See G. L. c. 123A, § 14 (a).

On November 18, the Commonwealth moved to withdraw its original petition for trial. The judge treated this motion as a motion to strike and, after a hearing, allowed the Commonwealth's motion by agreement of the parties. The judge ordered the Commonwealth, by no later than December 3, to file a new petition for trial. On November 19, the Commonwealth filed the reports of the two qualified examiners, and on December 3, the Commonwealth filed a new petition for trial.

The defendant filed a motion to dismiss both petitions on the ground, inter alia, that the Commonwealth lost its power to proceed against the defendant after the expiration of the sixty-day evaluation period.[3] After initially denying the defendant's motion to dismiss, the judge allowed the defendant's motion for reconsideration and the motion to dismiss. The Commonwealth appealed, and a motion to stay the defendant's release pending appeal was allowed by a single justice of the Appeals Court. We transferred the case to this court on our own motion.

*Discussion.* The statutory scheme exists to protect the public "from harm by persons likely to be sexually dangerous" by striking a balance between the public interest and a defendant's substantive due process rights. *Commonwealth* v. *Knapp*, 441 Mass. 157, 164 (2004).

The Commonwealth concedes that the defendant's nearly five-month civil confinement from July 13, 2004, until December 3, 2004, exceeded the sixty-day requirement of G. L.

---

[3]In his motion to dismiss, the defendant also argued that the September 22, 2004, petition should be dismissed because it was filed before the qualified examiners' reports. Indeed, the statute requires the petition for trial to be filed within fourteen days of the filing of the qualified examiners' reports. See G. L. c. § 14 (a); *Commonwealth* v. *Knapp*, 441 Mass. 157, 160 (2004) (Commonwealth must decide whether to move for trial within fourteen days of filing of report). Because the parties had agreed to strike the first petition, that argument was moot.

c. 123A, § 13 (*a*). However, citing *Commonwealth* v. *Kennedy*, *supra* at 530 n.3, and *Commonwealth* v. *Gagnon*, 439 Mass. 826 (2003), the Commonwealth argues that not all violations of the G. L. c. 123A sixty-day deadline require dismissal. Although the delay in the present case was not as long as that in *Commonwealth* v. *Kennedy*, *supra*, it was both substantial and unjustified by extraordinary circumstances and, we conclude, required the dismissal of the petition.

In *Commonwealth* v. *Kennedy*, *supra* at 530, we determined that the fifteen-month delay in filing the qualified examiners' reports was "vastly in excess of the [sixty-day] maximum allowed by the statute." Accordingly, we found it unnecessary to consider "whether lesser violations of the deadlines in G. L. c. 123A may result in some lesser sanction." *Id.* at 530 n.3. We next considered these statutory deadlines in the *Gagnon* case, and held that the failure timely to file the qualified examiners' reports did not trigger dismissal of a petition for trial when the defendant's confinement did not exceed sixty days. *Commonwealth* v. *Gagnon*, *supra* at 827. The case before us presents a different question, namely, whether *any* violation of § 13 (*a*) that results in a confinement exceeding sixty days requires dismissal of the Commonwealth's belated petition for trial. We now hold that it does, unless there are extraordinary circumstances justifying an extremely brief delay.

"Where the statutory language is clear, courts apply the plain and ordinary meaning of that language. . . . [The statute] requires that the person named in the petition '*shall be committed to the treatment center for a period not exceeding 60 days* . . . under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the court a written report.' . . . The word 'shall' in this context, where substantive rights are involved, indicates that the action is mandatory." (Citation omitted and emphasis added.) *Commonwealth* v. *Kennedy*, *supra* at 530, quoting G. L. c. 123A, § 13 (*a*). "In terms of a defendant's liberty interest, the relevant period is the sixty-day time period." *Commonwealth* v. *Gagnon*, *supra* at 831.

The statute makes clear that the defendant's evaluation period shall not exceed sixty days, and sets forth no exceptions that

would extend that period.[4] Where the defendant's confinement falls outside the sixty-day limitation imposed by the statute, there has been a violation of his liberty that requires dismissal of the Commonwealth's petition for trial. See *Commonwealth* v. *Kennedy, supra* at 531 (noting that "the liberty interests at stake compel strict adherence to the time frames set forth in the statute"). Cf. *Commonwealth* v. *Gagnon, supra* at 827 (dismissal not warranted when Commonwealth's failure to meet report filing deadline does not affect defendant's liberty interest).

Here, the defendant was committed to the treatment center on July 13, 2004. The sixty-day evaluation period expired on September 11, 2004. The Commonwealth filed the qualified examiners' reports on November 19, 2004, sixty-nine days after the expiration of the sixty-day evaluation period. The Commonwealth's petition for trial was filed on December 3, 2004, eighty-three days after the evaluation period expired. Throughout the G. L. c. 123A proceedings, the defendant remained confined to the treatment center, in violation of his liberty interest.

The Commonwealth also argues that our holding in the *Gagnon* case permits us to view violations of G. L. c. 123A on a "sliding scale with only *Kennedy*-type violations requiring dismissal." Accordingly, the argument continues, we should provide the defendant some alternative remedy to dismissal, such as conditional release. We disagree.

Our holding in the *Gagnon* case does not help the Commonwealth because Gagnon was not held beyond the sixty-day evaluation period. Therefore, he suffered no deprivation of liberty beyond that which the statute permits. Here, the defendant's liberty interests were affected because he was held beyond the sixty-day evaluation period.[5] Further, nowhere does the *Gagnon* case suggest the use of a "sliding scale" with

---

[4]By comparison, the trial of an alleged sexually dangerous person, which should ordinarily be held within sixty days of the petition for trial, may be delayed for good cause or if the interests of justice so require. See G. L. c. 123A, § 14 (*a*); *Commonwealth* v. *DeBella*, 442 Mass. 683, 689 (2004).

[5]On September 12, 2005, this court ordered the release of the defendant pending the outcome of this appeal, on appropriate conditions to be determined after a hearing before a judge in the Superior Court.

respect to statutory violations.[6] Finally, as our holding in *Commonwealth* v. *Knapp, supra* at 161-162, makes clear, after a finding of probable cause that the defendant is a sexually dangerous person, a judge has no discretion to order release; commitment is mandatory. Thus, the statute provides no alternative remedy to dismissal. The motion to dismiss was properly granted.

*Conclusion.* Our decision is dictated by the requirements of the statute and the Commonwealth's failure to meet those requirements. It is not our role to disturb the Legislature's efforts to balance the public's protection against an individual's liberty interests. Accordingly, the judgment of dismissal is affirmed.

*So ordered.*

---

[6]There may be extraordinary circumstances that would excuse brief violations of the § 13 (*a*) sixty-day limit. In this case, however, we are not presented with such circumstances. Here, the Commonwealth's unexcused failure to meet the requirements of the statute caused the defendant's confinement beyond the § 13(*a*) sixty-day limit. Indeed, the Commonwealth's petition for trial was not even filed until well past the time that the case should have been tried. See G. L. c. 123A, § 14 (*a*). Dismissal was required.