Commonwealth *vs.* Jose Alvarado.

Hampden. May 6, 2008. - August 15, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Sex Offender. Practice, Civil,* Sex offender.

In proceedings for commitment of the defendant as a sexually dangerous person, dismissal was not required following the Commonwealth's violation of the procedural deadline in G. L. c. 123A, § 14 (*a*), mandating that a petition for trial be filed within fourteen days of the qualified examiners' report, where that deadline was not intended to protect a defendant's liberty interest, and where, as the Commonwealth did file its trial petition before the sixty-day commitment period had run, that interest was not harmed. [194-197]

In proceedings for commitment of an individual as a sexually dangerous person, the Commonwealth's compliance with the deadline in G. L. c. 123A, § 14 (*a*), requiring that a petition for trial be filed within fourteen days of the qualified examiners' report, was not a prerequisite for Superior Court jurisdiction. [197-198]

Petition filed in the Superior Court Department on July 19, 2006.

Following an order of temporary commitment issued by *Peter A. Velis,* J., a motion to dismiss was heard by *Tina S. Page,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Harry L. Miles* for the defendant.

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

Botsford, J. At issue in this case is whether dismissal is required following the Commonwealth's violation of one of the procedural deadlines in G. L. c. 123A, § 14 (*a*). On November 20, 2007, after a probable cause hearing, a judge in the Superior Court committed Jose Alvarado to the Massachusetts Treatment Center (treatment center) for evaluation by two qualified examin-

ers, pursuant to G. L. c. 123A, § 13 (a). Forty-three days later, on January 2, 2008, the qualified examiners filed their reports, finding Alvarado to be sexually dangerous. The Commonwealth filed a petition for trial on January 18, 2008, sixteen days after the qualified examiners had filed their reports but within sixty days of the November 20, 2007, order of commitment. Because G. L. c. 123A, § 14 (a), requires a petition for trial be filed within fourteen days of the qualified examiners' reports, the defendant filed a motion to dismiss based on the Commonwealth's delay.[1] A different judge in the Superior Court denied the defendant's motion. We granted the defendant's application for direct appellate review. We affirm the denial of the defendant's motion to dismiss.

General Laws c. 123A provides for the commitment of persons found to be sexually dangerous. The statute sets out a series of procedural requirements to be followed in any commitment proceeding. "The statutory scheme exists to protect the public 'from harm by persons likely to be sexually dangerous' by striking a balance between the public interest and a defendant's substantive due process rights." *Commonwealth* v. *Parra*, 445 Mass. 262, 264 (2005), quoting *Commonwealth* v. *Knapp*, 441 Mass. 157, 164 (2004). General Laws c. 123A, § 13 (a), provides that, once a judge is satisfied that probable cause exists to believe that a person is sexually dangerous, that person "shall be committed to the treatment center for a period not exceeding 60 days for the purpose of examination and diagnosis under the supervision of two qualified examiners who shall, no later than 15 days prior to the expiration of said period, file with the court a written report of the examination and diagnosis and their recommendation" for that person. Should the Commonwealth seek to proceed with commitment, G. L. c. 123A, § 14 (a), prescribes that a petition for trial "shall be made within 14 days of the filing of the report of the two qualified examiners. If such petition is timely

---

[1] The motion was filed as a "demurrer and plea in abatement" because the Massachusetts Rules of Civil Procedure do not govern "proceedings pertaining to the adjudication, commitment and release of sexually dangerous persons." Mass. R. Civ. P. 81 (a) (1) (8), as appearing in 423 Mass. 1412 (1996). The judge treated the motion as one brought pursuant to Mass. R. Civ. P. 12 (b) (1) or 12 (b) (6), 365 Mass. 754 (1974), and the defendant does not challenge this characterization.

filed within the allowed time, . . . a trial by jury will be held within 60 days to determine whether such person is a sexually dangerous person." G. L. c. 123A, § 14 (*a*).

The sixty-day deadline in § 13 (*a*) is "mandatory to protect a defendant's liberty interest, and any delay by the Commonwealth that results in a confinement exceeding sixty days is a violation of the statute." *Commonwealth* v. *Gross*, 447 Mass. 691, 693 (2006), quoting *Commonwealth* v. *Parra*, 445 Mass. at 263. However, not all deadlines in the statute are intended to protect this interest. "In terms of a defendant's liberty interest, the relevant period is the sixty-day time period. The forty-five day deadline for the qualified examiners' report appears intended to give the Commonwealth a full two weeks in which to file its petition for trial." *Commonwealth* v. *Gagnon*, 439 Mass. 826, 831 (2003). Thus, when the forty-five day deadline is violated by the qualified examiners, "the party adversely affected is the Commonwealth, as it must expedite its decision to seek trial and submit its petition in order to meet that requirement prior to the expiration of the sixty-day detention." *Id.* Because the defendant's liberty interest is not implicated by the delay, dismissal is not required for such a violation. *Id.* at 831-832.

The defendant's argument is that the fourteen-day deadline within which the Commonwealth must file its petition, like the over-all sixty-day limit on his confinement, is intended to protect his liberty interest. And like a violation of the sixty-day limit, the defendant contends that any violation of the fourteen-day deadline, no matter how small, must result in dismissal. We conclude that the violations of the Commonwealth's fourteen-day deadline should be analyzed in the same manner as violations of the qualified examiners' forty-five day deadline. The two deadlines are designed to work together, as two component parts of a single sixty-day period. The larger sixty-day period is intended to protect the liberty interest of the defendant. The two smaller time periods within it collectively represent an allocation of that available time between the qualified examiners and the Commonwealth, and are not individually intended to protect the liberty interest of the defendant. Therefore, ordinary violations of the fourteen-day deadline, like violations of the forty-five day deadline, do not result in prejudice to the defendant's liberty interest, and do not

require dismissal.[2] *Commonwealth* v. *Gagnon*, 439 Mass. at 831. Cf. *Commonwealth* v. *Sargent*, 449 Mass. 576, 585 (2007) (Commonwealth filed petition for trial after qualified examiners' reports were received, but one day before reports were docketed by court, whereas G. L. c. 123A, § 14 [*a*], requires trial petition to be filed after qualified examiners' reports are filed with court; dismissal not required).

The defendant argues that the repercussions for the Commonwealth's violation of its fourteen-day deadline should be more serious than a corresponding violation of the qualified examiners' forty-five day deadline because the qualified examiners are independent parties and not agents of the Commonwealth. This distinction misses the point. The reason the forty-five day deadline does not require dismissal is that the delay does not prejudice the defendant's liberty interest; whether the party violating the deadline is an agent of the Commonwealth is immaterial. The defendant also argues that the unambiguous statutory language shows the clear intent of the Legislature to create a bright-line rule requiring the Commonwealth to file a petition for trial within fourteen days. The defendant is correct that the statute unambiguously requires filing within fourteen days, and the Commonwealth has conceded that its belated filing was a violation of the statute. At issue in this case, however, is not the clarity of the deadline itself, but the consequences that should flow from a violation of that deadline. The statute itself is silent on the point. As has been stated, the defendant's liberty interest is the critical interest to be protected, and because the Commonwealth did file its trial petition before the sixty-day commitment period had run, the defendant was not harmed.

Finally, the defendant argues that compliance with the fourteen-day deadline is a prerequisite for Superior Court jurisdiction. This argument relies on a narrow reading of our earlier interpretation, in *Commonwealth* v. *Gross*, 447 Mass. at 694, of the statutory language in § 14 (*a*), where we held that "if there is no timely filed petition for trial, the case does not proceed to trial." The defendant takes this language out of context. In *Com-*

---

[2]The Commonwealth's petition was filed only two days after the fourteen-day period had expired. We do not decide whether more egregious violations by the Commonwealth might require a different result.

*monwealth* v. *Gross*, *supra*, we required dismissal when the Commonwealth failed to file any petition for trial, and the defendant moved to dismiss after he had been confined for more than three weeks beyond the sixty-day commitment period. *Id.* at 692. Our holding in that case was primarily based, not on the violation of the fourteen-day period, but on the expiration of the sixty-day period. We held that "[i]n the absence of any petition for trial and the triggering of the trial process, the order of commitment expired at the end of sixty days. . . . Holding the defendant beyond that sixty-day period deprived him of his liberty in a manner not permitted by the statute" (citation omitted). *Id.* at 694. Here, in contrast, the defendant was not held beyond the sixty-day period, and thus was not deprived of his liberty in violation of the statute.

*Order affirmed.*