COMMONWEALTH *vs.* JAVIER SANCHEZ.

No. 08-P-287.

Bristol. October 16, 2008. - April 10, 2009.

Present: BERRY, McHUGH, & GRAINGER, JJ.

*Sex Offender. Constitutional Law,* Sex offender. *Due Process of Law,* Sex offender. *Practice, Civil,* Sex offender.

A Superior Court judge, in denying the defendant's motion to dismiss a petition to commit him civilly as a sexually dangerous person, correctly found that the defendant had acquiesced in the delay in the start of trial by failing to object to an order that scheduled the case for trial on a date that was beyond the sixty-day period set out in G. L. c. 123A, § 14. [33-37]

CIVIL ACTION commenced in the Superior Court Department on November 8, 2005.

A motion to dismiss was heard by *Frank M. Gaziano,* J., and the case was heard by *E. Susan Garsh,* J.

*John S. Day* for the defendant.

*Shoshana E. Stern,* Assistant District Attorney, for the Commonwealth.

McHUGH, J. After a trial without a jury, a judge of the Superior Court found that Javier Sanchez, the appellant, was a sexually dangerous person and ordered him committed to the Massachusetts Treatment Center at Bridgewater. See G. L. c. 123A, §§ 1 et seq.[1] Before that trial, Sanchez had moved for dismissal of the proceedings, claiming that the trial had not commenced within the sixty-day period set out in G. L. c. 123A, § 14, and that, as a consequence, his right to due process of law had been

---

[1]General Laws c. 123A, § 12(*b*), states: "When the district attorney or the attorney general determines that the prisoner . . . is likely to be a sexually dangerous person . . . the district attorney . . . may file a petition alleging that the prisoner . . . is a sexually dangerous person and stating sufficient facts to support such allegation in the [S]uperior [C]ourt . . . ."

violated. A different Superior Court judge denied the motion, finding that Sanchez had acquiesced in the delay by failing to object to an order that scheduled the case for trial on a date that was beyond the deadline. Whether the motion judge was correct in denying that motion is the sole issue Sanchez raises on appeal. Finding no error, we affirm.

In summary, the record reveals that Sanchez pleaded guilty in 1990 to indecent assault and battery on a child under fourteen. In 1993, he was sentenced to State prison after convictions of rape of a child with force and indecent assault and battery on a child under fourteen. In November, 2005, near the end of the 1993 sentences, the Commonwealth petitioned the Superior Court to commit Sanchez as a sexually dangerous person pursuant to G. L. c. 123A, § 12(b). On December 13, 2005, the Court, acting on the Commonwealth's motion,[2] ordered Sanchez committed temporarily pending a probable cause hearing. After a hearing, the court found probable cause to proceed with the Commonwealth's commitment petition and ordered Sanchez's continued detention pursuant to G. L. c. 123A, § 13(a).

On March 30, 2006, the Commonwealth filed a petition for trial. General Laws c. 123A, § 14(a), entitled Sanchez to have that trial start within sixty days, a period that expired on May 29, 2006. On April 14, 2006, however, the court notified the parties to appear for trial on July 3, 2006, thirty-five days after the statutory period ended. Neither Sanchez nor the Commonwealth objected to the trial date or otherwise brought the provisions of § 14(a) to the court's attention. Nevertheless, on June 9, 2006, Sanchez moved to dismiss the proceedings on grounds that he had not been brought to trial in timely fashion.

The motion judge denied the motion to dismiss because, as noted, he found that Sanchez had acquiesced in the delay by failing to object to the order setting the trial date. He also denied Sanchez's subsequent motion to stay the proceedings so he could take an interlocutory appeal. A jury-waived trial com-

---

[2]General Laws c. 123A, § 12(e), states: "If the person named in the petition is scheduled to be released . . . at any time prior to the court's probable cause determination, the court, upon a sufficient showing based on the evidence before the court at that time, may temporarily commit such person to the treatment center pending disposition of the petition. . . ."

menced on July 19, 2006, and, as previously noted, ended with an order for Sanchez's commitment.[3]

With that factual setting as background, we begin our discussion by observing that, as a general matter, "the liberty interests at stake [in civil commitment proceedings] compel strict adherence to the time frames set forth in" G. L. c. 123A. See *Commonwealth* v. *Kennedy*, 435 Mass. 527, 530-531 (2001) (affirming a dismissal where the Commonwealth violated the § 13 deadline for filing qualified examiner reports); *Commonwealth* v. *Parra*, 445 Mass. 262, 263 (2005) (clarifying *Kennedy* and declaring a mandatory dismissal). See also *Commonwealth* v. *Gross*, 447 Mass. 691, 692, 694 (2006) (affirming a dismissal where the Commonwealth violated the § 14 deadline to petition for trial).

The time frame of relevance here is set out in G. L. 123A, § 14(*a*). In material part, the statute reads as follows:

> "The district attorney . . . may petition the court for a trial . . . . If such petition is timely filed . . . the court shall notify the person named in the petition and his attorney, the district attorney and the attorney general that a trial by jury will be held within 60 days to determine whether such person is a sexually dangerous person. The trial may be continued upon motion of either party for good cause shown or by the court on its own motion if the interests of justice so require, unless the person named in the petition will be substantially prejudiced thereby. . . ."

Although framed simply as a notice requirement, the quoted language "leaves no doubt as to the Legislature's intent that . . . trials commence within the sixty-day time frame." *Commonwealth* v. *DeBella*, 442 Mass. 683, 687 (2004). For that reason, the Supreme Judicial Court held in *DeBella* that "the Commonwealth must ensure that trial is commenced within sixty days unless the judge makes a finding, based on supporting evidence, that there is good cause to continue the trial or that it is otherwise in the interests of justice to do so." *Id.* at

---

[3]Sanchez raises no issues here arising out of the trial's actual commencement ten days later than the date set in the April 14 order, and nothing in the record suggests that he objected in the Superior Court to the additional delay.

689 (footnote omitted). Relying on that language and on the cases cited above in which failure to meet statutory deadlines led to dismissal orders, Sanchez argues that a dismissal is likewise required here. There are, however, at least two material differences between the statutory requirement that the defendant be tried in sixty days and the requirements on which the court focused in the other cases. First of all, in each of the other cases, the Commonwealth had the sole burden and the sole power to act in a timely fashion and the courts focused on that solitary power in their opinions regarding a dismissal for failure to do so. Thus, in *Parra*, the court noted that "any delay *by the Commonwealth* that results in a confinement exceeding sixty days is a violation of [§ 13]." *Commonwealth* v. *Parra*, 445 Mass. at 263 (emphasis supplied). Similarly, in *Commonwealth* v. *Gross*, the court took issue with "the *Commonwealth's* failure to meet procedural deadlines in sexually dangerous person proceedings," see *Commonwealth* v. *Gross*, 447 Mass. at 691 (emphasis supplied), and required dismissal because the Commonwealth violated § 14 by failing to petition for trial within fourteen days after it filed qualified examiner reports. *Id.* at 694-696. And in *Commonwealth* v. *Kennedy*, the court observed that "*[t]he Commonwealth* failed to provide the defendant with the protections mandated by the statute, resulting in a period of detention for examination vastly in excess of the maximum allowed by the statute." See *Commonwealth* v. *Kennedy*, 435 Mass. at 530 (emphasis supplied).

Here, the Commonwealth has neither the sole responsibility nor the sole power to bring the defendant to trial in a timely fashion, for the court ultimately sets trial dates and is responsible for seeing that they are met.[4] In addition, as the time limit exists for protection of the defendant's liberty interests, the defendant

---

[4]In a footnote in *Commonwealth* v. *DeBella*, 442 Mass. 683, 689 n.8 (2004), the court said that "generally 'the primary responsibility for setting a date for trial lies with the district attorney.' *Barry* v. *Commonwealth*, 390 Mass. 285, 296 n.13 (1983). We do not attempt to dictate a procedure for implementing the statutory requirements, but leave it to the offices of the respective district attorneys and the Superior Court to institute procedures to assure that these deadlines are met. The Superior Court may wish to consider adoption of a standing order on the subject." We note that Superior Court Standing Order 1-88 deals with the subject. That order, most recently amended effective March 1, 2007, governs all civil cases pending in the Superior Court. Recogniz-

has the power to seek an extension of the deadline if he believes that trial preparation or other significant considerations require him to do so, and the court has the ultimate power to grant or deny such an extension request.[5]

The second major difference is that the potential violation of the sixty-day period was visible long before the violation actually occured and at a time when avoidance of the violation was possible. Indeed, that advance visibility and opportunity for avoidance will likely exist in most § 14(*a*) cases. Trial dates are set in advance, often well in advance, and any recipient of the trial notice can tell immediately on reading the notice whether the scheduled trial date falls within the sixty-day period. Here, for example, the trial notice was issued almost six weeks before the deadline, giving ample notice that a violation of § 14(*a*) was looming.

In cases where the court has ordered a dismissal for missing statutory deadlines contained in G. L. c. 123A, no such advance notice was possible. If the Commonwealth has a set period to file with the court a paper or a report, as it did in the *Parra, Kennedy* and *Gross* cases, then filing on the final day meets the deadline and one cannot tell until the day after the deadline whether a violation has occurred. Without advance notice of an impending violation, a defendant cannot take steps to insure that the deadline is met and his liberty interests are protected.

Those differences between the sixty-day deadline in § 14(*a*) and the deadlines in other sections of G. L. c. 123A mean that, although "exceptions to the time limit in § 14(*a*) must be strictly construed, those exceptions permit more flexibility than do the time requirements of other civil commitment provisions." *Com-*

---

ing the court's "responsibility to manage the pace of litigation," the order provides that "[t]he Court will schedule trial dates for both jury and jury-waived cases on its own initiative" and assigns sexually dangerous person initial commitment cases like this one to an "Accelerated Track." Standing Order 1-88(F)(iii).

[5]That is not to say that the defendant is in sole control of how quickly the case proceeds. "The purpose of the statute is to have cases brought to trial rapidly, but not to deny justice in the interest of expediency. While obviously the focus of the statute is on the defendant's right to have his status adjudicated as rapidly as possible, there is also a public interest in having these proceedings terminate as quickly as possible." *Commonwealth* v. *DeBella,* 442 Mass. at 691.

*monwealth* v. *DeBella*, 442 Mass. at 688. To be sure, the flexibility must be consistent with the statutory requirement that the deadline can be extended only for "good cause." See G. L. c. 123A, § 14(*a*). If, however, there is "uncontradicted evidence that the defendant acquiesced in the delay, the Commonwealth has shown 'good cause' for exceeding" the limit, at least in the absence of prejudice to the defendant. *Commonwealth* v. *De-Bella*, *supra* at 690. Accordingly, where, as in *DeBella*, defense counsel requested a status date beyond the sixty-day deadline, failed to appear on that date, and then sought to again delay the status hearing, acquiescence was shown and dismissal was unwarranted. See *id.* at 690-691. Likewise, dismissal was unwarranted in *Commonwealth* v. *Lynch,* 70 Mass. App. Ct. 22, 26-27 (2007), where defense counsel failed to object to repeated continuances and took several actions that ultimately led to the defendant's untimely trial.[6]

The decisive question, therefore, is whether the motion judge was correct in deciding that the defendant's failure to object to an order setting a nonconforming trial date amounted to acquiescence in the nonconformity and provided good cause for bringing the defendant to trial after the sixty-day period had expired.[7] In *Lynch,* we discussed the appropriate framework for determining whether the defendant has acquiesced in delaying his trial beyond the sixty-day period. There, we said that although "the primary obligation to bring the case to trial within the statutory period rests with the Commonwealth, 'primary' does not mean 'sole.'" *Id.* at 27. Indeed, "[i]f the [statute] is read to relieve defendants of the obligation to press their case through the criminal justice system, the public interest often will be thwarted by those defense counsel who decide that delay is the best defense tactic." *Ibid.,* quoting from *Barry* v. *Commonwealth,* 390 Mass. 285, 296-297 (1983). Therefore, as with other speedy trial requirements, see *Commonwealth* v. *DeBella,* 442 Mass. at

---

[6]Among other things, the defendant requested funds to retain experts, moved to dismiss his counsel, and filed additional requests for funds, all of which had the effect of prolonging the proceedings. *Commonwealth* v. *Lynch,* 70 Mass. App. Ct. 22, 26 n.3 (2007).

[7]Sanchez did not claim in the Superior Court and does not claim here that he was prejudiced by the trial's commencement fifty-one days after the sixty-day period expired.

690 n.9, a defendant "shares the obligation to take active steps to move his case through the system." *Commonwealth* v. *Lynch, supra.* And years of experience with the speedy trial requirements of Mass.R.Crim.P. 36, 378 Mass. 909 (1979), have led to the now well-recognized rule that when "a defendant has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay." *Barry* v. *Commonwealth, supra* at 298. See, e.g., *Commonwealth* v. *Rodgers,* 448 Mass. 538, 540 (2007); *Commonwealth* v. *Bourdon,* 71 Mass. App. Ct. 420, 425 (2008).

We think that well-established approach to acquiescence applies here. The defendant, the court, and the Commonwealth all have an interest in moving cases brought under G. L. c. 123A through the system promptly. The time limits contained in § 14(*a*) prod them to do so. At the same time, not every case fits a single mode and speedy disposition sometimes will be one of several legitimately competing considerations. Therefore, when a defendant has notice of a trial date that will exceed the time for trial required by § 14(*a*), he must object or his silence will be construed as an acquiescence in the scheduled date. Such an approach is consistent with the approach we have taken in other speedy trial contexts, alerts the Commonwealth and the court to any scheduling errors that may otherwise go unnoticed until it is too late to correct them and, with little burden on the defendant, allows him to distinguish between those delays that truly affect his interests adversely and those that he believes are either harmless or beneficial.

We conclude, therefore, that the motion judge was correct when he ruled that, because Sanchez failed to object to the trial date when he received the trial notice some six weeks before expiration of the period set forth in G. L. c. 123A, § 14(*a*), he acquiesced to the date the notice contained. As a matter of law, his acquiescence amounted to "good cause" for extending the sixty-day period within which § 14(*a*) otherwise requires a trial.

*Judgment affirmed.*