## DAVID GANGI *vs.* COMMONWEALTH.

Essex. April 5, 2012. - May 7, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & LENK, JJ.

*Sex Offender. Due Process of Law,* Sex offender, Delay in rendering decision, Adjudicatory proceeding. *Constitutional Law,* Sex offender, Delay in rendering decision. *Practice, Civil,* Sex offender.

This court concluded that the Commonwealth's petition for civil commitment of an individual as a sexually dangerous person pursuant to G. L. c. 123A must be dismissed, where the individual had been confined at the Massachusetts Treatment Center after a finding of probable cause for more than the sixty-day statutory maximum and the delay (arising from a court clerk's error in failing contemporaneously to docket the finding of probable cause) was not justified by any extraordinary circumstances. [160-163]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 5, 2011.

The case was considered by *Duffly,* J.

*John Fennel,* Committee for Public Counsel Services, for David Gangi.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

LENK, J. We address once again the consequences of the Commonwealth's failure to meet procedural deadlines in sexually dangerous person proceedings initiated pursuant to G. L. c. 123A, § 12 (*b*). See *Commonwealth* v. *Gross,* 447 Mass. 691 (2006); *Commonwealth* v. *Parra,* 445 Mass. 262 (2005) (*Parra*); *Commonwealth* v. *Gagnon,* 439 Mass. 826 (2003); *Commonwealth* v. *Kennedy,* 435 Mass. 527 (2001) (*Kennedy*). Pursuant to G. L. c. 123A, § 13 (*a*), once "the court is satisfied that probable cause exists to believe that the person named in the petition is a sexually dangerous person," that individual "shall be committed to the [Massachusetts Treatment Center (treatment center)] for a period not exceeding 60 days." During that sixty-day

period, two qualified examiners will evaluate the individual and "shall, no later than 15 days prior to the expiration of said period, file with the court a written report of the examination and diagnosis and their recommendation of the disposition of the person." *Id.* The Commonwealth's petition for trial "shall be made within 14 days of the filing of the report of the two qualified examiners." G. L. c. 123A, § 14 (*a*). We have previously held that these deadlines are "mandatory," and that any delay resulting in confinement beyond sixty days requires dismissal of the petition for civil commitment. *Parra, supra* at 263. Only "extraordinary circumstances" justify even "a very brief delay." *Id.*

Because, in the present action, David Gangi was confined for sixteen days more than the statutory maximum, and because this delay was not justified by any extraordinary circumstances, we conclude that the Commonwealth's petition for civil commitment must be dismissed.

1. *Facts and procedural history.* On July 28, 2010, the Commonwealth filed a petition in the Superior Court for the temporary commitment of Gangi as a sexually dangerous person. Gangi, who was serving a sentence for indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H, was scheduled to be released on September 10, 2010. Multiple delays ensued, including continuances requested by Gangi's counsel. Probable cause, pursuant to G. L. c. 123A, § 13 (*a*), was not found until January 7, 2011; at a hearing on that day, a Superior Court judge accepted Gangi's stipulation to the existence of probable cause. Any petition for trial that the Commonwealth wished to file was due not later than March 9, 2011, sixty days from the court's finding of probable cause.

No petition for trial was filed by that date. At a status conference on February 15, 2011, the Commonwealth learned that the qualified examiners' reports had not yet been filed. The forty-five day statutory deadline for filing of these reports expired one week later, on February 22. Six days later, on February 28, the Commonwealth contacted the Department of Correction (department) and learned that the Superior Court clerk's office had not sent to the department the notice of probable cause and that no qualified examiners had been assigned to evaluate Gangi.

The finding of probable cause, made on January 7, was not docketed until March 2, 2011.[1]

After the sixty-day deadline passed on March 9, 2011, Gangi moved to dismiss the Commonwealth's petition for his civil commitment as a sexually dangerous person. On March 24, the qualified examiners' reports were filed, and the Commonwealth filed its petition for trial the same day. After a hearing, a different Superior Court judge denied Gangi's motion to dismiss, on the basis of the "extraordinary procedural mishap for which the Commonwealth was not responsible and for which it should not be penalized." A single justice of this court denied Gangi's petition for relief pursuant to G. L. c. 211, § 3. Gangi appealed from that denial to the full court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We permitted his appeal to proceed according to the regular appellate process.[2]

2. *Discussion.* "General Laws c. 123A provides for the commitment of persons found to be sexually dangerous." *Commonwealth* v. *Alvarado*, 452 Mass. 194, 195 (2008). The statutory scheme, which is "civil and remedial in character," *Commonwealth* v. *Nieves*, 446 Mass. 583, 585-586 (2006), exists "to protect the public 'from harm by persons likely to be sexually dangerous' by striking a balance between the public interest and a defendant's substantive due process rights." *Parra, supra* at 264, quoting *Commonwealth* v. *Knapp*, 441 Mass. 157, 164 (2004). Among the rights afforded an individual subject to confinement under G. L. c. 123A are strict procedural deadlines governing commitment proceedings. See *Commonwealth* v. *Blake*, 454 Mass. 267, 278 (2009) (Ireland, J., concurring) ("The Legislature clearly was aware of the liberty interests at stake in

[1]On the same day, the judge issued an order for Gangi's temporary commitment under G. L. c. 123A, § 13 (*a*), and thereby purported to "reset" the sixty-day "clock" for Gangi's period of commitment for evaluation. See note 4, *infra.*

[2]General Laws c. 123A, § 12 (*e*), permits the Commonwealth to request the temporary commitment of an individual scheduled to be released from a term of incarceration pending disposition of the petition. Gangi, while not challenging the initial delay between September, 2010, and January, 2011, has been "temporarily" committed under this statute since the expiration of his criminal sentence in September, 2010. In light of his "immediate liberty" interest in resolution of this dispute, *Coffin* v. *Superintendent, Mass. Treatment Ctr.*, 458 Mass. 186, 188 n.6 (2010), we allowed the appeal to proceed.

G. L. c. 123A proceedings and fashioned a statutory scheme that takes place according to an expedited pace"). The sixty-day deadline required by G. L. c. 123A, § 13 (*a*), is "mandatory to protect a defendant's liberty interest, and any delay by the Commonwealth that results in a confinement exceeding sixty days is a violation of the statute." *Commonwealth* v. *Gross*, 447 Mass. 691, 693 (2006), quoting *Parra, supra* at 263. Such delays may be excused only where there exist "extraordinary circumstances that would justify a very brief delay." *Parra, supra.*

The Commonwealth concedes that the period of Gangi's commitment between the finding of probable cause and the petition for trial exceeded the sixty-day statutory maximum.[3] However, the Commonwealth argues that the delay should be excused, and thus the petition for commitment not dismissed, because the delay was due to an error by the court clerk and the Commonwealth made diligent efforts to meet the statutory deadlines.[4] We do not agree.

We have previously considered — and rejected — the same argument in both *Kennedy, supra,* and *Parra, supra.* In *Kennedy, supra* at 529, the Commonwealth maintained that the clerk's office was at fault in failing to notify the treatment center of the orders of commitment and that "it should not be penalized for the clerk's mistake." We held that the Commonwealth "failed to provide the defendant with the protections mandated by the

---

[3] The Commonwealth concedes also that the reports from the qualified examiners were filed well beyond the forty-five day deadline. We need not concern ourselves with this violation, however, because "[i]n terms of a defendant's liberty interest, the relevant period is the sixty-day time period." *Commonwealth* v. *Gagnon*, 439 Mass. 826, 831 (2003) (holding that delay in filing of qualified examiners' report did not interfere with defendant's liberty interest where petition for trial was still filed within sixty-day deadline, and thus dismissal was error).

[4] The Commonwealth concedes that the efforts of a Superior Court judge essentially to reset the clock by issuing a second order for temporary commitment was "judicial error amounting (in retrospect) to a nullity." The Commonwealth does, however, argue that this error became the "law of the case" and excused the delay. The "law of the case" doctrine applies to "questions decided upon an earlier appeal in the same case," *King* v. *Driscoll*, 424 Mass. 1, 8 (1996), quoting *Peterson* v. *Hopson*, 306 Mass. 597, 599 (1940), and, even then, does not apply where "the decision was clearly erroneous and would work a manifest injustice." *King* v. *Driscoll, supra,* quoting *United States* v. *Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir.), cert. denied, 502 U.S. 862 (1991). The law of the case doctrine thus has no bearing here.

statute" and that this violation required dismissal of the Commonwealth's petition for civil commitment. *Id.* at 530. In *Parra, supra*, we made clear that "dismissal is the appropriate remedy for any violation of the sixty-day deadline, absent extraordinary circumstances that would justify a very brief delay." The fact that the department had not been "notified of the finding of probable cause" — whether due to a failure by the clerk or the prosecutor — did not constitute "extraordinary circumstances," and the dismissal was accordingly affirmed. *Id.* at 263, 267. Likewise, here, the clerk's error in failing contemporaneously to docket the finding of probable cause does not fall within the category of "extraordinary circumstances."

Although qualified examiners are "independent experts appointed by the court," *Commonwealth* v. *Connors*, 447 Mass. 313, 314 n.2 (2006), "[i]t is the Commonwealth's responsibility to ensure that the treatment center performs the examinations in a timely manner." *Commonwealth* v. *Gagnon, supra* at 830 n.6, citing *Kennedy, supra* at 529-530. This is consistent with our general practice "that it is the responsibility of the bar, not the court staff, to attend to the progress of pending matters. . . . An appellant cannot claim excusable neglect simply because a clerk has committed an error." *Brown* v. *Quinn*, 406 Mass. 641, 644-645 (1990). We reaffirm that, because the Commonwealth bears responsibility for ensuring that the treatment center receives notice of a probable cause determination,[5] dismissal of the peti-

---

[5]Moreover, even if relevant, nothing of record suggests that the Commonwealth had insufficient time to meet the sixty-day deadline. Knowing that a probable cause determination had been made by the judge on January 7, 2011, the Commonwealth was on notice of a potential problem on February 15, when the judge noted that the reports had not yet been received. Indeed, the Commonwealth should have realized even earlier that something might be amiss, as no notation regarding the finding of probable cause had been made on the docket (to which the Commonwealth had access), and the examiners had not yet requested information from the Commonwealth related to Gangi's previous sexual offenses pursuant to G. L. c. 123A, § 13 (*b*).

In any event, the Commonwealth was aware that the reports had not been filed on February 22, 2011 (the forty-five day deadline), yet waited until February 28, 2011 to inquire of the department. At that time, the Commonwealth did not issue an expedited request, but instead only did so one week after the sixty-day deadline had expired. This is in contrast to *Commonwealth* v. *Gagnon, supra* at 828, where, on realizing that the report had not been filed by the

tion for violation of the sixty-day deadline may not be averted simply because of the clerk's failure to provide this notice.[6]

Because "extraordinary circumstances" are not present, we do not consider whether the sixteen extra days of Gangi's confinement constitute a "very brief" delay. Absent "extraordinary circumstances," any violation of the sixty-day statutory deadline, however brief, requires dismissal. See *Parra, supra* at 265. "[C]onfinement without legal justification is never innocuous." *Kennedy, supra* at 530.

3. *Conclusion.* The judgment of the single justice denying relief under G. L. c. 211, § 3, is vacated, and a judgment shall enter in the county court granting Gangi's petition for relief.

*So ordered.*

---

deadline, the Commonwealth made an immediate request for the report. That request led to the report being filed within eight days and a petition for trial being filed within the sixty-day period.

[6]The motion judge, in excusing the delay, relied on *Commonwealth* v. *Sanchez,* 74 Mass. App. Ct. 31, 34-35 (2009), which excused the failure to adhere to the deadline for trial set forth in G. L. c. 123A, § 14 (*a*), where the defendant acquiesced to the delay. That statute specifically contemplates that the trial of an alleged sexually dangerous person may be delayed for good cause or in the interests of justice. G. L. c. 123A, § 14 (*a*). The statute setting forth the deadline for a petition for trial, however, permits no exceptions to the sixty-day requirement. G. L. c. 123A, § 13 (*a*). Just as "it would be inappropriate to import the constraints of [G. L. c. 123A,] § 13 (*a*), which allows no extension of its sixty-day limit, into [G. L. c. 123A,] § 14 (*a*)," *Commonwealth* v. *DeBella,* 442 Mass. 683, 689 (2004), it would be inappropriate to import the exceptions set forth in G. L. c. 123A, § 14 (*a*), into G. L. c. 123A, § 13 (*a*). Furthermore, *Commonwealth* v. *Sanchez, supra* at 34, itself contrasted the Commonwealth's "sole burden and . . . sole power" to meet the G. L. c. 123A, § 13 (*a*), deadline with the deadline of setting a trial date, because "the Commonwealth has neither the sole responsibility nor the sole power to bring the defendant to trial in a timely fashion."

The motion judge noted also that, because Gangi himself had requested continuances, his argument concerning the delay was "disingenuous, at best." The record, however, indicates that these continuances, which included Gangi's motion for funds to hire an expert psychologist, all occurred before his stipulation to probable cause. After the stipulation, nothing of record indicates delay occasioned by Gangi. Gangi has not challenged the period of delay occurring before the finding of probable cause, and the requests for continuances have no bearing on the proper application of G. L. c. 123A, § 13 (*a*), in the circumstances.