Commonwealth *vs.* Wilson Rodriguez. January 23, 2003. *Sex Offender. Practice, Civil,* Sex offender. *Evidence,* Sex offender, Expert opinion.

On June 25, 1998, Wilson Rodriguez pleaded guilty to forcible rape of a child and indecent assault and battery on a child charged in three indictments, as well as assault and battery on a police officer.[1] He received a sentence of

---

[1]The charges arose out of repeated sexual encounters between Rodriguez and the victim during the period from at least December 1995 until his arrest on July 16, 1996. The victim was the twelve year old daughter of Rodriguez's girl friend; Rodriguez was sixty years old at the time of the crimes.

from four to five years at the Massachusetts Correctional Institution at Cedar Junction, followed by five years of probation. On February 1, 2001, shortly before Rodriguez was to be released from prison, the Commonwealth filed a petition to have him civilly committed as a sexually dangerous person pursuant to G. L. c. 123A, § 1. Following a two-day probable cause hearing on March 15 and 20, the judge found no probable cause to believe that Rodriguez was a sexually dangerous person. The finding of no probable cause was based on the judge's conclusions that the Commonwealth's expert testimony as to Rodriguez's mental condition and dangerousness was not credible, and that the Commonwealth had failed to establish statistically that Rodriguez would likely commit a sexual offense if not confined to a secure facility. The Commonwealth appealed from the finding of no probable cause, and we granted the Commonwealth's application for direct appellate review.

For the reasons set forth in *Commonwealth* v. *Reese, ante* 519 (2003), and *Commonwealth* v. *Boucher, ante* 274 (2002), we conclude that the judge, who also presided in *Commonwealth* v. *Reese, supra,* (1) misapplied the standard of proof to the evidence adduced at the probable cause hearing, and (2) misinterpreted the requirement of G. L. c. 123A, § 1, that Rodriguez be "likely" to engage in sexual offenses if he is not confined to a secure facility.[2] Consequently, we vacate the finding of no probable cause and remand the matter to the Superior Court for a new hearing.

*So ordered.*

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.
*Bruce W. Carroll* for the defendant.

---

[2]During his testimony at the probable cause hearing, the Commonwealth's expert (Dr. William B. Land) opined that Rodriguez suffered from a mental abnormality — pedophilia — but deferred on opining as to whether he suffered from a personality disorder. The judge apparently confused Dr. Land's testimony finding that Dr. Land had testified that Rodriguez suffered from a personality disorder, not a mental abnormality. This error was significant because in order to satisfy the statutory definition of "[p]ersonality disorder" in G. L. c. 123A, § 1, the disorder must be shown to result in a "general lack of power to control sexual impulses." This is a different requirement from what is necessary to satisfy the statutory definition of "[m]ental abnormality." The judge's conclusion that there was no probable cause, which was premised in part on a finding that Dr. Land's testimony did not credibly establish that the defendant's disorder included a "general lack of power to control sexual impulses," was, therefore, error.

