COMMONWEALTH *vs.* ROBERT BLANCHETTE. No. 02-P-1519. April 20, 2004. *Sex Offender. Practice, Civil* Sex offender, Prima facie case. *Evidence,* Sex offender, Prima facie evidence, Expert opinion. *Probable Cause.*

After remand following the Commonwealth's first appeal, see *Commonwealth* v. *Blanchette*, 54 Mass. App. Ct. 165 (2002) (*Blanchette I*), the hearing judge reconsidered the evidence under the framework laid out in that opinion and again concluded that the Commonwealth had failed to establish probable cause to believe that the defendant is a sexually dangerous person pursuant to G. L. c. 123A, § 1. The case returns to us on the Commonwealth's appeal from that determination.

Under *Blanchette I*, the hearing judge at a probable cause hearing conducted under G. L. c. 123A, § 12(*c*), must conduct a two-part inquiry. 54 Mass. App. Ct. at 175. "The judge must be satisfied, first, that the Commonwealth's admissible evidence, if believed, satisfied all of the elements of proof necessary to prove the Commonwealth's case. Second, she must be satisfied that the evidence on each of the elements is not so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely on it to conclude that the Commonwealth had met its burden of proof." *Ibid.* (footnote omitted). The Supreme Judicial Court has since endorsed that framework. See *Commonwealth* v. *Reese*, 438 Mass. 519, 524 (2003); *Commonwealth* v. *Knapp*, 441 Mass. 157, 167 n.13 (2004).

In her memorandum of decision and order following remand, the hearing judge concluded that the Commonwealth had not presented a prima facie case of sexual dangerousness within the meaning of the statute. The hearing judge also expressed her view that the opinion of the Commonwealth's expert, that the defendant has a mental abnormality which makes him likely to reoffend, was not sufficiently credible to support a finding of probable cause.

The judge's conclusion that the Commonwealth had not presented a prima facie case of sexual dangerousness is at odds with our observation, in *Blanchette I*, that "[t]he Commonwealth's expert touched the formulaic statutory bases in his testimony and alluded to the data upon which he relied in forming his opinions." 54 Mass. App. Ct. at 177. While that opinion went on to observe that the judge's role at a probable cause hearing under G. L. c. 123A, § 12(*c*), is not limited to a "wooden comparison" of the expert's testimony with the statutory elements, a match between the admissible testimony and the statutory elements at least constitutes a prima facie case. *Blanchette I, supra.*

As to the second part of the inquiry (i) there is no dispute that the Commonwealth submitted credible evidence that the defendant had been convicted of a sexual offense; and (ii) the hearing judge did not reject the Commonwealth's expert's diagnosis of the defendant as a pedophile, a "mental abnormality" satisfying the definition set forth in G. L. c. 123A, § 1.[1] See *Commonwealth* v. *Reese*, 438 Mass. at 526 n.9. See also *Commonwealth* v.

---

[1]Though the judge expressed her expectation that contrary expert testimony would be presented were there a subsequent trial, she correctly did not discredit the expert's diagnosis of pedophilia based on her anticipation of testimony that might be presented in a subsequent proceeding.

*Rodriguez*, 438 Mass. 1011, 1012 n.2 (2003).[2] Accordingly, our review centers on the judge's qualitative evaluation of the expert's opinion that the defendant's pedophilia makes him "likely to engage in sexual offenses if not confined to a secure facility." G. L. c. 123A, § 1.

In *Blanchette I*, we observed that the evidence submitted by the Commonwealth in support of its petition was "scant," 54 Mass. App. Ct. at 177, but identified various aspects of the Commonwealth's evidence warranting further consideration by the hearing judge. See *id*. at 178-179. On remand, the hearing judge explained her unwillingness to credit the expert's opinion that the defendant is likely to reoffend by reference to the expert's failure to offer data or methodology to support his opinion.[3] In so doing, however, the judge appears again to have disregarded (or at least not to have discussed) the factors identified by the expert as those he considered in forming his opinion, "such as Blanchette's personal history and Blanchette's decision, while incarcerated, to decline sexual offender treatment." *Id*. at 178. Also of concern is the judge's observation, in declining to credit the expert's opinion that the defendant is likely to reoffend, that "[w]hether someone is 'likely' to commit additional sexual offenses is a matter of hot debate in the professional community," a comment she supported by reference to three published articles.[4]

We are mindful of the observation in *Reese* that much of the evidence ultimately bearing on a determination of sexual dangerousness is unavailable to the Commonwealth at a § 12(*c*) hearing to determine probable cause, suggesting that judges presiding over such a hearing should "act with even more restraint than a judge assessing the credibility of Commonwealth witnesses in the context of a bind-over hearing." 438 Mass. at 524. Taken as a whole, the judge's order on remand does not support her implicit conclusion that the Commonwealth's evidence is "so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely on it to conclude that the Commonwealth had met its burden of proof." *Blanchette I*, 54 Mass. App. Ct. at 175. We accordingly vacate the order dismissing the Commonwealth's petition and remand the matter to the Superior Court for a new hearing.[5]

*So ordered.*

---

[2]The judge did not have the benefit of *Reese, supra*, or *Rodriguez, supra*, at the time of her order following remand. As in *Reese, supra*, the diagnosis of pedophilia makes it unnecessary for us to address the expert's additional view that the defendant suffers from an antisocial personality disorder.

[3]There was no testimony offering a contrary opinion at the hearing; the Commonwealth's expert was the only witness to testify. There was also no objection to the expert's qualifications, or to the foundation for his opinions.

[4]The articles are among those ruled inadmissible in *Commonwealth* v. *Reese*, 438 Mass. at 527 n.10. Their invocation in the present case is perhaps more problematic than in *Reese*, since they were not offered in evidence during the hearing, and the Commonwealth's expert accordingly had no opportunity to respond to them through his testimony.

[5]Due in significant part to delays in the defendant's prior appeal, see *Blanchette I, supra* at 167 n.4, the probable cause hearing that is the subject of this appeal occurred on May 2, 2000, nearly four years ago. Since the statute contemplates a determination of present sexual dangerousness, see *Dutil, petitioner*, 437 Mass. 9, 16 (2002), and particularly since the defendant has been released from custody since the entry of the

Rescript Opinions.

*Amanda L. Lovell,* Assistant District Attorney, for the Commonwealth.
*Debra Beard-Bader* for the defendant.

---

remand order on April 11, 2002 (and hence may be evaluated in part based on his behavior outside a secure facility), we think a new hearing will best serve the interests of justice.