## COMMONWEALTH vs. ELI PARISEAU.

Berkshire. September 9, 2013. - January 13, 2014.

Present: IRELAND, C.J., CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Sex Offender. Constitutional Law,* Sex offender, Delay in rendering decision. *Due Process of Law,* Sex offender, Adjudicatory proceeding, Delay in rendering decision.

This court concluded that, in the circumstances of a jury-waived trial of a proceeding pursuant to G. L. c. 123A, § 14, to determine whether the defendant was a sexually dangerous person, the five-month delay from the conclusion of the trial until the judge rendered his decision, although violative of the thirty-day rule imposed in *Commonwealth* v. *Blake,* 454 Mass. 267 (2009), did not require dismissal, where the defendant did not demonstrate that there was a violation of his statutory or due process rights resulting from the delay. [808-813]

This court concluded that, where a judge who has presided over a jury-waived trial of a petition to adjudicate the defendant a sexually dangerous person does not render a decision within thirty days of the end of the trial, the defendant may move for a prompt decision and for supervised release from confinement, and a judge may order such release with appropriate conditions, pending issuance of the judge's decision; alternatively, and in certain narrow circumstances, a judge may issue a memorandum of decision within thirty days of trial, with findings of fact and conclusions of law promptly to follow, if doing so is necessary to permit a timely decision to issue. [813-816]

CIVIL ACTION commenced in the Superior Court Department on September 2, 2009.

The case was heard by *John A. Agostini,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brad P. Bennion* for the defendant.

*Joseph A. Pieropan,* Assistant District Attorney, for the Commonwealth.

*David E. Sullivan,* District Attorney, *& Steven Greenbaum,* Assistant District Attorney, for District Attorney for the Northwestern District & others, amici curiae, submitted a brief.

DUFFLY, J. Several months after the conclusion of a jury-waived trial, a Superior Court judge issued a decision determining that the defendant is a sexually dangerous person (SDP) and ordering him committed to the Massachusetts Treatment Center (treatment center) for an indeterminate period. G. L. c. 123A, § 14 (*d*).[1] The judge's decision issued after our opinion in *Commonwealth* v. *Blake*, 454 Mass. 267, 268-260 (2009), which required that, absent extraordinary circumstances, a judge must issue a decision on an SDP petition within thirty days of the conclusion of a jury-waived trial. The defendant appealed, claiming that the evidence was insufficient to support a determination that he is sexually dangerous and that, because the trial judge's decision was not rendered within thirty days of the end of the trial, he is entitled to dismissal of the Commonwealth's petition or, in the alternative, a new trial. The Appeals Court affirmed. See *Commonwealth* v. *Pariseau*, 81 Mass. App. Ct. 705, 712 (2012). We allowed the defendant's petition for further appellate review, "limited to the issue of what remedy, if any, is available when a judge who has presided over a jury-waived trial pursuant to G. L. c. 123A, § 14, does not render a decision within thirty days of the end of the trial, pursuant to [*Blake, supra*]."

Although the trial judge's decision was not issued within thirty days as required by *Blake, supra* at 268, we conclude that neither dismissal nor a new trial is warranted in circumstances such as those present here. Although such remedies may be appropriate in a particular case, as a general rule other procedures and remedies are available to a defendant who remains confined more than thirty days posttrial pending issuance of an SDP decision.[2] Where a determination remains under advisement more than thirty days after the end of trial, a defendant may, for example, move for a prompt decision and for release from confinement, and a judge may order such release with appropriate

---

[1] The decision issued on July 30, 2010, 162 days after trial concluded on February 18, 2010, and 133 days after the March 19, 2010, date by which the parties had agreed to submit proposed findings of fact and conclusions of law; both parties filed their proposed findings on March 15, 2010.

[2] No such remedies are available where there has been an agreement to an extension of time beyond the thirty-day period and a decision issues within the agreed-upon period of extension.

conditions, pending issuance of the judge's decision. Alternatively, a judge may issue a memorandum of decision within thirty days of trial, with findings of fact and conclusions of law promptly to follow, if doing so is necessary to permit a timely decision to issue.[3]

1. *Background.* The defendant is a sex offender as defined in G. L. c. 6, § 178C. In 1991, he was convicted of twenty-two counts of rape of a child, G. L. c. 265, § 23, and was sentenced to a term of incarceration of from fifteen to twenty years. The defendant's 1991 convictions "stemmed from incidents in the summer of 1990, in which he sexually assaulted an eleven year old boy . . . and forced the victim by threats to molest two younger girls." *Commonwealth* v. *Pariseau*, 81 Mass. App. Ct. at 706-707. He was also convicted of open and gross lewdness in 1984, and of indecent assault and battery on a child under fourteen in 1981. On September 2, 2009, one hundred and five days before the defendant's anticipated release date of December 16, 2009, the Commonwealth filed a petition in the Superior Court seeking to have him declared an SDP. See G. L. c. 123A, §§ 1, 12-16. At a hearing on October 21, 2009, the defendant stipulated that there was probable cause to believe that he met the statutory criteria to be deemed an SDP, and a Superior Court judge ordered him confined to the treatment center for evaluation by two qualified examiners. See G. L. c. 123A, § 13. The qualified examiners interviewed the defendant and submitted their written reports on December 2, 2009, concluding that the defendant met the criteria to be committed as an SDP. The Commonwealth timely filed its petition for trial.

On February 18, 2010, at the conclusion of the defendant's jury-waived trial, counsel for the defendant requested additional time to provide the judge with a written statement in lieu of closing argument, and with proposed findings of fact and rulings of law. The parties agreed that the defendant would file his proposed findings by March 12, 2010, and that the Commonwealth would file its proposed findings by March 19, 2010. The defendant and the Commonwealth both filed their written

[3]We acknowledge the amicus brief of the district attorneys for the Northwestern, Bristol, Essex, Worcester, Norfolk, Middlesex, Plymouth, Suffolk, and Hampden districts and the Attorney General.

submissions on March 15, 2010. The case file contains a letter of inquiry from an associate of the defendant's trial counsel "on behalf of [the defendant's trial counsel]" concerning the status of the case that was received by the Superior Court on June 4, 2010. This letter is not reflected in the docket sheet. A second letter from the defendant's trial counsel "regarding [the] case" was docketed on July 27, 2010. The judge's memorandum of decision issued three days later, on July 30, 2010. The judge determined that "as a result of his personality disorder the [defendant] is likely to sexually re-offend if not confined to a secure facility," and allowed the Commonwealth's petition.

The Appeals Court rejected the defendant's claim that the evidence was legally insufficient to support a determination that he is an SDP, concluding that "the evidence was more than sufficient to warrant" such a determination. *Commonwealth* v. *Pariseau*, 81 Mass. App. Ct. at 706. The court concluded also that violation of the thirty-day deadline "does not justify dismissal of the petition or a new trial, as the defendant's sexual dangerousness was well-established in a fair trial that was not affected by the delay in the issuance of the decision, and the trial judge immediately issued his decision once the delay was brought to his attention." *Id.*

2. *Discussion.* A temporary civil commitment in connection with proceedings under G. L. c. 123A "implicates a liberty interest, and therefore, due process protections apply." *Blake*, *supra* at 276-277 (Ireland, J., concurring), and cases cited. The statutory scheme pursuant to which the Commonwealth may seek civil confinement of an individual who has served his criminal sentence sets forth the specific steps to be followed in SDP proceedings, which ultimately may result in a trial on the Commonwealth's petition. Such proceedings "take[] place according to an expedited pace," *Blake, supra* at 278 (Ireland, J., concurring), and the Commonwealth must adhere strictly to the timeframes established by the Legislature. See, e.g., *Gangi* v. *Commonwealth*, 462 Mass. 158, 160-161 (2012); *Commonwealth* v. *Kennedy*, 435 Mass. 527, 530 (2001).[4] In establishing this statutory framework, "[t]he Legislature clearly was aware of

[4]After a petition is filed, proceedings begin with a determination of probable

the liberty interests at stake." *Blake, supra* (Ireland, J., concurring).

Although G. L. c. 123A, § 14, requires a defendant's confinement after a finding of probable cause and for the duration of trial on the Commonwealth's petition, it provides no specific period within which a determination must issue following a jury-waived trial. Consistent with the accelerated pace of the proceedings established by the SDP statute, in *Blake, supra* at 268, we therefore mandated a strict limit on the period within which a trial judge's decision must issue.

> "The court unanimously disapproves of the lengthy delay that occurred in this case. We require that future jury-waived trials pursuant to G. L. c. 123A, § 14, be promptly resolved and, toward that end, hold that for such jury-waived trials begun after the date of this opinion, the judge must, absent extraordinary circumstances, render a decision within thirty days of the end of the trial."[5]

We did not, however, determine the appropriate remedy for a defendant who, because of a delay in the issuance of a judge's decision, is subject to continued confinement after the thirty-day period or after any extended deadline to which a defendant has agreed.

a. *Extent of delay.* As a preliminary matter, we address the Commonwealth's argument that there was no violation of the thirty-day deadline set forth in *Blake* because the defendant

---

cause, followed by the steps summarized in *Commonwealth* v. *Kennedy*, 435 Mass. 527, 531 n.4 (2001):

> "From the court's determination of probable cause, the examiners have forty-five days to file their reports. See G. L. c. 123A, § 13 (a). The district attorney's office has fourteen days from the filing of those reports in which it may petition for trial, and trial will be set within sixty days of the petition. See G. L. c. 123A, § 14 (a). Barring extensions for good cause shown or in the interests of justice, see *id.*, the total time from the determination of probable cause to trial will be approximately four months."

[5]Subsequent to our decision in *Commonwealth* v. *Blake*, 454 Mass. 267, 268 (2009), the Legislature amended G. L. c. 123A, § 14 (a). See St. 2010, c. 256, § 77. That amendment, which has no bearing on the issue before us, provides for a jury-waived trial unless either party makes a written request for a jury trial.

acquiesced to the delay by requesting additional time within which to file proposed findings and rulings. Nothing in our prior holdings precludes extension by agreement; where a defendant has acquiesced to an extension of time, either explicitly or implicitly, such as by requesting additional time after trial within which to file written submissions, the judge's decision should issue as soon as practicable after the filing of the written submissions, but in any event no later than thirty days from the agreed-upon date of extension.

Here, the judge allowed an extension of time until March 19, 2010, at the request of the parties. The judge's decision, therefore, should have issued by April 18, 2010; it was not released until July 30, 2010, more than three months later. No extraordinary circumstances are cited, either in the decision or in the docket, to explain the delay. Moreover, nothing in the record before us suggests that the defendant acquiesced to the additional delay. The defendant sent two letters to the court, received on June 4 and July 27, inquiring about the status of the case. The judge's decision issued only a few days after receipt of the second letter. Cf. *Commonwealth* v. *McInerney*, 380 Mass. 59, 67 (1980) (noting, in context of delay in sentencing, that writing letter seeking to expedite decision is "small measure of self-help [that] is not too much to expect"). Even if no letter had been sent, a defendant's silence, without more, does not indicate implicit agreement to further extensions of time. In these circumstances, there was a violation of the deadline set forth in *Blake, supra.*

b. *Whether dismissal is required.* There may well be circumstances in which a delay in issuing a decision following a jury-waived trial on an SDP petition would render the proceedings so unfair that they failed to meet the requirements of procedural due process. See *Mathews* v. *Eldridge*, 424 U.S. 319, 335 (1976); *Aime* v. *Commonwealth*, 414 Mass. 667, 674-675 (1993). This is not such a case.[6] The defendant does not contend that the delay had any effect on "the fairness of his trial, his pro-

---

[6]The defendant argues only that "[d]eadlines are mandatory to protect a [defendant's] liberty interest, and any delay by the court that results in confinement exceeding 30 days after a jury waived [sexually dangerous person (SDP)] proceeding is a violation of the [Supreme Judicial Court's] rule."

cedural rights at trial, or the judge's findings of fact and conclusions of law." See *Blake, supra* at 282 (Gants, J., concurring). Nor does he claim to have suffered any prejudice while the matter was under advisement, such as an inability to receive treatment,[7] to petition for evaluation and discharge pursuant to G. L. c. 123A, § 9, or to file an appeal. See *Blake, supra* at 280 (Ireland, J., concurring).

The Legislature enacted G. L. c. 123A to protect the public from sex offenders who have a mental disease or defect and who, following expiration of their criminal sentences, may still pose a danger to the public and therefore may require commitment to the treatment center, where they may avail themselves of treatment for their disorders. See St. 1999, c. 74, § 1. The SDP statute balances this public safety concern with specific provisions designed to protect a defendant's liberty interests.[8] The defendant received those statutory protections: he was not temporarily confined to the treatment center until he had had the opportunity to be heard at a timely probable cause hearing, where he was represented by counsel, and where a judge found probable cause that the defendant was sexually dangerous. The defendant was examined by two qualified examiners who submitted reports within forty-five days of the probable cause finding, and he was entitled to have obtained the opinions of his own experts. The Commonwealth filed a petition for trial within the mandatory period of sixty days from the finding of probable cause, see *Gangi* v. *Commonwealth*, 462 Mass. at 159, and the evidence at trial established the defendant to be sexually

---

[7]The record reflects that the defendant declined treatment throughout the period of his incarceration in State prison.

[8]These provisions include strict timelines for SDP proceedings and express recitations of defendants' rights throughout the process. The timeframes are summarized in *Commonwealth* v. *Kennedy*, 435 Mass. at 531 n.4. See note 4, *supra*. A defendant's rights throughout this process are summarized in *Commonwealth* v. *Knapp*, 441 Mass. 157, 160 n.7 (2004):

> "[T]he person named in the petition has the right to assistance of counsel, to present evidence, to cross-examine witnesses, and to view and copy all petitions and reports in the court file. G. L. c. 123A, § 12 (*d*). During the examination period, all documentation provided to the qualified examiners must be provided to the person's counsel, [G. L. c. 123A, § 13 (*c*)], and the person may retain his own psychologist or psychiatrist (at court expense if the person is indigent), [G. L. c. 123A, § 13 (*d*)]."

dangerous. The defendant claims neither that his pretrial or trial proceedings were delayed, nor that his right to a fair trial was violated; he also makes no specific claim, other than a bare assertion of interference with his liberty interests, that he suffered any prejudice while the matter was under advisement. Thus, there has been no showing of a violation of the defendant's statutory or due process rights resulting from the delay in issuance of the decision.

Dismissal as a remedy for violation of *Blake*'s thirty-day deadline is not warranted where, as here, there has been no showing of a due process violation or prejudice to the defendant. In the criminal context, which is not controlling but to which we may look for guidance, dismissal generally is not an appropriate judicial remedy unless a defendant has shown prejudice to the right to a fair trial. See *Commonwealth* v. *Viverito*, 422 Mass. 228, 230-231 (1996) (distinguishing interference with liberty interest from prejudice of right to fair trial, and requiring latter to warrant dismissal for unlawful confinement of defendant in context of delayed bail hearing); *Commonwealth* v. *Hernandez*, 421 Mass. 272, 277 (1995) (dismissal for prosecutorial misconduct appropriate only upon showing of prejudice or egregiousness of misconduct). Dismissal comes at a high cost to the public in circumstances, such as those here, where the defendant has been determined to be sexually dangerous and where dismissal of the petition at this stage would prevent the Commonwealth from seeking to have him civilly committed unless he is returned to custody for a subsequent violation or offense. See G. L. c. 123A, § 12 (*b*).[9] Absent prejudice to the defendant, we look to other remedies and enforce-

[9]General Laws. c. 123A, § 12 (*b*), provides that the Commonwealth may file a petition for commitment when it "determines that [a] prisoner . . . is likely to be a sexually dangerous person." We have interpreted the statute and the word "prisoner" to mean that "SDP commitment is only available if the procedure is initiated before the termination of a period of criminal confinement; if it is not, [G. L. c. 123A] no longer applies." *Commonwealth* v. *Gillis*, 448 Mass. 354, 359 (2007).

Here, the Department of Correction notified the district attorney by letter in March, 2009, that the defendant's anticipated release date was "December 16, 2009." The Commonwealth filed its petition for commitment and a motion for a short order of notice on September 2, 2009, citing as reason for the short order of notice the defendant's anticipated release "on or about December 14,

ment tools to protect his constitutional rights and liberty interest without incurring the severe consequences of dismissal. See *Commonwealth* v. *Viverito*, 422 Mass. at 231.

Nor do we agree with the defendant that a new trial offers an appropriate alternative remedy where the delay in issuance of the decision did not affect his procedural rights, the fairness of his trial, or the trial judge's decision or findings of fact. A new trial occurring soon after the first, and after a judge has made a determination of sexual dangerousness supported by the evidence at trial, would be unlikely to result in a different outcome, but would result in additional delay.

c. *Appropriate remedy.* We consider alternative remedies, bearing in mind the Legislature's intent to balance protection of the public from persons likely to be sexually dangerous with protection of the liberty interests of those persons.[10] See *Commonwealth* v. *Knapp*, 441 Mass. 157, 160 (2004). Although we have determined that "[t]he confinement required by [G. L. c. 123A,] § 14 (*a*)[,] occurs in a setting that respects the balance that procedural due process requires," *Commonwealth* v. *Knapp*, *supra* at 169, that determination assumed that confinement would "continue only for a relatively short period of time." *Id.* at 168. The balancing of interests contemplated by the statutory framework may be upset when an SDP determination is not made within established timeframes, and where a defendant remains confined well after he has completed his sentence for the underlying conviction. Once trial on an SDP petition has concluded, the justification for depriving a defendant of liberty "noticeably weakens, for the determination of probable cause . . . must yield to the determination of a fact finder that a person is, or is not, sexually dangerous. If the latter, . . . 'confinement must cease.' " *Blake*, *supra* at 277-278 (Ireland, J., concurring), quoting *Commonwealth* v. *Travis*, 372 Mass. 238, 247 (1977).

---

2009." After a finding of probable cause on October 21, 2009, the defendant was committed to the treatment center pursuant to G. L. c. 123A, § 13 (*a*), where he since has remained.

[10]Moreover, in the interests of the administration of justice, judges in the Commonwealth are expected to "dispose of all judicial matters promptly, efficiently, and fairly." See S.J.C. Rule 3:09, Canon 3 (B) (8), as appearing in 440 Mass. 1301 (2003).

Nonetheless, confinement is justified during a jury trial on an SDP petition, and continues until the jury has concluded its deliberations and reached a verdict. See G. L. c. 123A, § 14 (*a*) (person named in petition shall be confined to secure facility "for the duration of the trial"). So, too, does the justification for confinement continue where the trial is jury-waived. A trial judge must be afforded a reasonable period of time after the close of evidence to make findings and issue a decision. Because the Legislature provided no guidance regarding when a judge's decision must be rendered following trial, in *Blake, supra* at 268, we concluded that thirty days constituted a sufficient period within which to issue findings, while protecting a defendant's ongoing liberty interest.[11] See *id.; id.* at 278 (Ireland, J., concurring); *id.* at 284 (Marshall, C.J., concurring in part and dissenting in part). However, the justification for continued confinement becomes considerably more attenuated after the passage of this thirty-day period, or any agreed-upon extension, absent countervailing extraordinary circumstances.

We therefore conclude that a defendant may seek review by the trial judge if, thirty days after the end of a jury-waived trial, the judge has not issued a decision on the Commonwealth's petition pursuant to G. L. c. 123A, § 14. A defendant may move for a prompt decision and supervised release while the matter remains under advisement and until a decision issues regarding sexual dangerousness. The availability of release in such circumstances is justified by the defendant's liberty interest, which the Legislature recognized when it established an expedited pace for proceedings under G. L. c. 123A, §§ 12-14. See *Blake, supra* at 278. See also *Youngberg* v. *Romeo*, 457 U.S. 307, 315 (1982) (petitioner who has been committed under proper procedures retains liberty interests protected by due process clause).

In deciding whether to grant such a motion, a judge should bear in mind that "confinement without legal justification is never innocuous." *Commonwealth* v. *Kennedy*, 435 Mass. at 530. The judge should consider, inter alia, whether extraordinary

---

[11]This court may set forth procedures and rules that are "necessary or desirable for the furtherance of justice, the regular execution of the laws, the improvement of the administration of [the] courts, and the securing of their proper and efficient administration." G. L. c. 211, § 3.

circumstances are present that justify the delay; whether the defendant is likely to be prejudiced by any delay and continued confinement until a determination is made; and whether, in balancing the public's interests against those of the defendant, any conditions of release would allow the defendant to be released safely pending issuance of a decision. A judge may order the defendant's release subject to such conditions as may be appropriate to ensure the safety of the public, and may require a return to confinement if those conditions are violated. See *Commonwealth* v. *Gagnon*, 439 Mass. 826, 829-830 (2003) (no abuse of discretion where judge, after considering terms of release and probation status, allowed release of defendant pending appeal from dismissal of SDP petition). Cf. *Commonwealth* v. *Blanchette*, 54 Mass. App. Ct. 165, 167 n.4 (2002), *S.C.*, 60 Mass. App. Ct. 924 (2004) (suggesting that, during pendency of Commonwealth's appeal from decision that defendant was not sexually dangerous, judge should consider "devising and imposing conditions of supervised probation in lieu of detention in the [t]reatment [c]enter"). The motion for a prompt decision and release pending a decision should be expeditiously heard and decided. If neither a decision on the SDP petition nor a decision on the motion for release is forthcoming, the regional administrative justice should be alerted about the delay in order that action may be taken as warranted to expedite the decision.

Finally, a judge who has made a determination, but who has not yet committed findings to writing, may decide, in appropriate and limited circumstances, to issue a memorandum of decision that is followed promptly by issuance of findings of fact and entry of judgment. See *Blake, supra* at 286 (Marshall, C.J., concurring in part and dissenting in part). The presumption remains, however, that findings of fact and conclusions of law are to issue concurrently with a decision, and not subsequent to it. Cf. *White* v. *Hartigan*, 464 Mass. 400, 420 (2013) (in civil context, "the quality of a judge's decision making process [is insured] by requiring simultaneous articulation of the judge's underlying reasoning"); *Commonwealth* v. *Viverito*, 422 Mass. at 231 n.4 (in criminal context, written findings and conclusions of law are not required, but are often necessary in fact-intensive determinations to aid appellate review and to separate questions

of law and fact). By articulating findings and issuing a decision concurrently, a judge "may be satisfied that he [or she] has dealt fully and properly with all the issues," and the parties and reviewing courts "may be fully informed as to the bases of [the judge's] decision when it is made."[12],[13] *Schrottman* v. *Barnicle*, 386 Mass. 627, 639 (1982), quoting *Markell* v. *Syndey B. Pfeifer Found., Inc.*, 9 Mass. App. Ct. 412, 416 (1980).

Although strong reasons underlie the presumption that findings and conclusions should issue concurrently with a decision, in the context of SDP determinations, which proceed at an expedited pace, circumstances such as an unusually complex trial and record occasionally may give rise to reasons sufficiently compelling to defeat that presumption.[14] Under narrow conditions, a judge may issue a memorandum of decision first, with findings of fact, conclusions of law, and entry of judgment to follow promptly thereafter, if the judge determines that doing so is necessary so that a decision may issue within thirty days of the conclusion of trial.

*Judgment affirmed.*

---

[12]The Massachusetts Rules of Civil Procedure do not apply to sexually dangerous person proceedings. Mass. R. Civ. P. 81 (a) (1) (8), as amended, 450 Mass. 1405 (2008). Where not otherwise specified by the governing statute, however, Mass. R. Civ. P. 81 (a) (3), as appearing in 423 Mass. 1412 (1996), states that proceedings "shall follow the course of the common law, as near to these rules as may be." See *HSBC Bank USA, N.A.* v. *Matt*, 464 Mass. 193, 199 n.9 (2013) (applying common-law principles to servicemember proceedings that are otherwise exempt from rules of civil procedure).

[13]Rule 52 (a) of the Massachusetts Rules of Civil Procedure, as amended, 423 Mass. 1402 (1996), provides that, in a jury-waived trial, a judge "shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered." Rule 52 (a) "does not require extensive detail, but does impose on the judge an independent duty to articulate the essential grounds of his decision." *Schrottman* v. *Barnicle*, 386 Mass. 627, 638 (1982).

[14]See *Commonwealth* v. *Pariseau*, 81 Mass. App. Ct. 705, 709 n.4 (2012) ("We are not unmindful of the difficult conditions and competing demands presently facing trial court judges, who are expected and required to produce thoughtful and detailed factual findings in cases of increasing complexity without benefit of law clerks or other assistance").