NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

16-P-1710                                      Appeals Court


COMMONWEALTH  vs.  ALFRED P. FUSI.



No. 16-P-1710.      February 1, 2017.


Sex Offender.  Practice, Civil, Sex offender.  Evidence, Sex offender, Expert opinion.  Probable Cause.


After a hearing at which expert witnesses engaged by the Commonwealth and the defendant offered conflicting opinions concerning the defendant's sexual dangerousness, a judge of the Superior Court concluded that the Commonwealth had not established probable cause to believe the defendant is sexually dangerous, dismissed the Commonwealth's petition seeking his commitment as a sexually dangerous person pursuant to G. L. c. 123A, § 12, and ordered him released from custody.[1]  Though the judge applied the correct legal standard to the determination of probable cause, his conclusion that the evidence did not establish probable cause was in error, and therefore we reverse.

At a probable cause hearing conducted pursuant to G. L. c. 123A, § 12(c), the judge is to conduct "a two-part inquiry, one quantitative and the other qualitative.  'The judge must be satisfied, first, that the Commonwealth's admissible evidence, if believed, satisfie[s] all of the elements of proof necessary to prove the Commonwealth's case.  Second, she must be satisfied that the evidence on each of the elements is not so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely on it to conclude that the Commonwealth had

_____

[1] A single justice of this court allowed the Commonwealth's motion for a stay of the release order pending appeal, and directed that the appeal proceed on an expedited basis.

met its burden of proof.'" Commonwealth v. Reese, 438 Mass. 519, 524 (2003), quoting from Commonwealth v. Blanchette, 54 Mass. App. Ct. 165, 175 (2002). At issue in this appeal is whether the Commonwealth's evidence satisfied the second, qualitative, prong of the Blanchette test.[2]

The defendant was convicted of two rapes of young women, both strangers, that he committed in 1980 and 1981, when he was nineteen and twenty years of age, respectively. The second of the two rapes occurred while he was released on bail awaiting his trial for the first. In addition to those convictions, the defendant was charged with open and gross lewdness in 1981, and indecent exposure in 1982, while both rape charges were pending.[3] While incarcerated, he was disciplined on several occasions, including for an incident in 1996 in which he drew five drawings of a female correction officer including some portraying her in the nude; two of the drawings were described as "quite explicit," and notes written on the backs of two of the drawings included such statements as, "It would of came [sic] out way better if you would pose for me!" and "Your [sic] in my thoughts." Following the imposition of discipline for that infraction, the defendant sent a letter to the prison superintendent suggesting that he (the defendant) was led to draw the nude pictures of the correction officer by her flirtatious and suggestive conduct toward him.[4] Both the Commonwealth's and the defendant's experts assigned to him a score of "five," in the "moderate to high range," on the STATIC-99R model for assessing risk of sexual recidivism. While incarcerated, the defendant participated in sex offender treatment, but suspended his participation at the point at which he would have been required to acknowledge his offenses, citing a pending appeal. However, he did not resume participation after his appeal concluded, and he continued in his interview with the Commonwealth's expert to deny his involvement in either of the two rapes of which he was convicted. The Commonwealth's

---

[2] The parties agree that the judge correctly concluded that the evidence satisfied the quantitative prong.

[3] The charge of open and gross lewdness was disposed by nolle prosequi, and the charge of indecent exposure was dismissed. The police reports regarding both incidents were admitted in evidence at the hearing, and the defendant asserts no claim on appeal that their admission was error.

[4] As the judge observed, however, the defendant's last disciplinary violation occurred in 2006.

expert opined that the defendant shows features of narcissism and antisocial personality, and ultimately opined that he meets the criteria for "other specified personality disorder."  The expert further opined that the defendant's personality disorder would impair his capacity for impulse control, including sexual impulses.

In his written memorandum of decision, the judge principally relied on the relatively modest number of disciplinary violations committed by the defendant during the term of his incarceration, and the absence of any since 2006, to reject the Commonwealth's expert's diagnosis that the defendant exhibits antisocial or narcissistic personality traits.  In so doing, the judge, in our view, conducted his own personal assessment of the expert's credibility, "based on his own opinion of the proper application of the [DSM-V], and the significance of [the expert's] testimony and the [DSM-V]." Reese, 438 Mass. at 526.  In order to conclude that no reasonable person could rely on the expert's opinion, the judge necessarily rejected the expert's expressed concern over the defendant's failure to complete sex offender treatment, including his continuing failure to accept responsibility for the offenses that resulted in his incarceration, and his persistence in assigning blame for his inappropriate and sexualized drawings of the female correction officer to his belief that she was flirting with him in an effort to establish a romantic relationship.

As explained in Reese, supra at 523-524, the task of a judge at a § 12(c) hearing is analogous to that of a judge at a bind-over hearing.  However, as the Supreme Judicial Court observed in that case, the analogy is not perfect.  Id. at 523. In particular, the judge at a § 12(c) hearing must assess the evidence without the benefit of the most critical evidence of sexual dangerousness to be offered at any eventual trial:  the examination conducted pursuant to G. L. c. 123A, § 13(a), by a qualified examiner.[5]  "Consequently, the hearing judge, in

_____

[5] Qualified examiners, appointed by a judge following a determination of probable cause, "are central to the statutory scheme designed to evaluate the likelihood of a sex offender to reoffend." Johnstone, petitioner, 453 Mass. 544, 551 (2009), quoting from Commonwealth v. Bradway, 62 Mass. App. Ct. 280, 283-284 (2004).  So central is the qualified examiner role that the Commonwealth cannot meet its burden at a trial on sexual dangerousness unless a qualified examiner opines that the defendant is sexually dangerous, even if another expert opines

assessing the credibility of expert witnesses who will not yet have access to the most important sources of information in the case at the time they are called to testify, must act with even more restraint than a judge assessing the credibility of Commonwealth witnesses in the context of a bind-over hearing." Reese, supra at 524.  Though the Commonwealth's evidence is not free from weakness, and though the defendant's counsel ably illustrated those weaknesses through cross-examination of the expert at the probable cause hearing and in argument on appeal in this court, viewed as a whole the Commonwealth's evidence "is not so incredible, insubstantial, or otherwise of such a quality that no reasonable person could rely on it to conclude that the Commonwealth had met its burden of proof."  Ibid., quoting from Blanchette, 54 Mass. App. Ct. at 175.

The order dismissing the Commonwealth's petition is reversed, and the matter is remanded for entry of an order finding probable cause, and for such further proceedings on the petition as may be appropriate under c. 123A.[6]

So ordered.

Kenneth E. Steinfield, Assistant District Attorney, for the Commonwealth.
Eric Tennen for the defendant.

---

to that effect.  Id. at 551-552.  In addition, though the opinion of a qualified examiner must be credible in order to support a verdict of sexual dangerousness, the question of credibility ordinarily is for the jury.  See Green, petitioner, 475 Mass. 624, 630-631 (2016).

[6] As the defendant's counsel acknowledged at oral argument, because our assessment is whether the evidence satisfies the standard established in Reese, our conclusion is one of law.  In addition, unlike the circumstances in Reese and Blanchette, where the judge did not apply the correct legal standard, or in Commonwealth v. Blanchette, 60 Mass. App. Ct. 924, 925 n.5 (2004), where significant time had passed since the probable cause hearing subject to that appeal, there is no reason in the present case for further hearing on the question of probable cause.