SUPERIOR COURT 
 
 COMMONWEALTH vs. STEVEN WAYLEIN

 
 Docket:
 1977CV00397
 
 
 Dates:
 June 30, 2020
 
 
 Present:
 Jeffrey T. Karp Associate Justice, Superior Court
 
 
 County:
 ESSEX, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR RELEASE PENDING JURY TRIAL (Paper No. 20)
 
 

 The Commonwealth has filed a petition under G.L. c. 123A, § 12(b), alleging that respondent Steven Waylein ("Waylein") is a "sexually dangerous person" ("SDP"), as defined in G.L. c. 123A, § 1.
            On June 25, 2020, the Court conducted a hearing on Defendant's Motion For Release Pending Jury Trial (Paper No. 20) ("Motion For Release"). Waylein argues that his continued confinement while awaiting trial, a period lengthened by the SJC's continuance of all jury trials until at least September due to the Covid-19 pandemic, without affording him a hearing to seek release with probationary conditions, violates his constitutional right to due process. He further contends that such a hearing is warranted here because the Commonwealth "objects" to his request to be tried before a judge, rather than a jury. The Commonwealth argues that the delay in the trial of this matter before a jury occasioned by the pandemic does not rise to the level of a violation of substantive due process.
            As discussed below, the Motion To Dismiss is DENIED without prejudice.
                                                            Page 1 of 8
BACKGROUND & PROCEDURAL HISTORY 
            The Commonwealth filed the SDP petition in this matter on March 25, 2019.
            On April 3, 2019, the Court (Feeley, J.) granted the Commonwealth's request for the temporary commitment of Waylein to the Massachusetts Treatment Center ("MTC") pursuant to G.L. c. 123A, § 12(e). (See Paper No. 3).
            On January 6, 2020, after a series of delays of the evidentiary hearing at Waylein's request, the Court (Deakin, J.) ruled that probable cause exists to believe that Waylein is an SDP and committed him to the MTC while awaiting trial pursuant to G.L. c. 123A, § 13(a). (See Paper No. 13).
            On February 20, 2020, two Qualified Examiners[1] filed their respective reports with the Court pursuant to G.L. c. 123A, § 13(a). (See Paper Nos. 15 and 16).
            On February 24, 2020, the Commonwealth filed Commonwealth's Petition For Trial ("Petition For Trial") in which it requested the scheduling of a trial by jury pursuant to G.L. c. 123A, § 14(a). (See Paper No. 17).
            On February 27, 2020, the parties were before the Court (Deakin, J.) for the scheduling of the trial of this matter. With the agreement of the parties, the Court scheduled the jury trial to commence June 22, 2020.
            On March 10, 2020, "the Governor declared a state of emergency to support the Commonwealth's response to the threat of COVID-19. On March 11, 2020, the World
---------------------------
[1]"A qualified examiner is either (1) a physician who is licensed by the Commonwealth and certified or eligible to be certified in psychiatry by the American Board of Psychiatry and Neurology; or (2) a psychologist who is licensed by the Commonwealth. In all cases, a qualified examiner is designated as such by the Department of Correction and has at least two years of experience with diagnosis or treatment of sexually aggressive offenders." Green, petitioner, 475 Mass. 624, 625 n.3 (2016) (citing G.L. c. 123A, § 1). To be sure, Qualified Examiners play a central role in, and are "integral to[,] nearly every step of the civil commitment process set out in G. L. c. 123A." In re Johnstone, 453 Mass. 544, 551 (2009).
                                                            Page 2 of 8
Health Organization formally declared the expanding spread of the COVID-19 virus a global pandemic." Committee for Public Counsel Servs. v. Chief Justice of the Trial  Court, 484 Mass. 431, 433 — 434 (2020).
            In response to the pandemic, beginning on March 13, 2020, the SJC "issued a series of orders with respect to court proceedings, new filings, and trials, designed to 'protect the public health by reducing the risk of exposure to the virus and slowing the spread of the disease.'" Id. at 434. Pursuant to these orders, the Superior Court issued a series of Standing Orders that, in combination with the SJC's orders, prohibited the empanelment of jurors and continued all jury trials in the Commonwealth to a date no earlier than September 8, 2020.[2]
            On June 16, 2020, Waylein filed Defendant's Motion To Waive Jury Trial (Paper No. 18) and on June 18, 2020, the Commonwealth filed Commonwealth's Motion To Enforce Demand For Trial By Jury (Paper No. 19) (collectively, "Motions For Trial"). In his motion, Waylein waived his statutory right to a jury trial, see G.L. c. 123A, § 14(a), and requested that the Court conduct a bench trial as soon as possible. On the other hand, in its motion, the Commonwealth reasserted its statutory right to a trial by jury pursuant to § 14(a).
            On June 18, 2020, the Court conducted a hearing on the Motions For Trial and ruled that the Commonwealth has a statutory right to a trial before a jury under § 14(a) and the Court has no discretion to order the trial to be conducted before a judge over
---------------------------
[2]See Commonwealth v. Lougee, 485 Mass. 70, 73 (2020) (noting the SJC has issued five emergency orders since March 13, 2020, that had the effect of continuing all jury trials "to a date no earlier than September 8, 2020."); SJC Third Updated Order Regarding Court Operations Under The Exigent Circumstances Created By The Covid-19 (Coronavirus) Pandemic, 119 ("SJC Third Order"); Superior Court Standing Order 8-20(V)(A).
                                                            Page 3 of 8
the Commonwealth's objection. Given the aforementioned Covid-19-related SJC orders, the Court continued the trial over Waylein's objection from the previously scheduled date of June 22, 2020, to September 22, 2020.
            The trial of this matter before a jury remains scheduled to commence on September 22, 2020, although whether the SJC will vacate its prohibition on the empanelment of juries before that date is uncertain.
            Waylein has been confined at the MTC since the inception of these proceedings
DISCUSSION
            Waylein cites Commonwealth v. G.F., 479 Mass. 180 (2018), in support of his argument that his right to substantive due process affords him the right to a release hearing under the present circumstances. On the other hand, the Commonwealth argues that Waylein's release from confinement while awaiting trial is barred by Commonwealth v. Knapp, 441 Mass. 157 (2004). The Court agrees with the Commonwealth.
A. The SDP Law Does Not Grant The Court The Authority To Release  Waylein Pending Trial
            Waylein concedes that "[a]fter a finding of probable cause, .. . , §§ 13 and 14 of the [SDP] statute operate to deprive the [Court] of discretion with respect to whether the [respondent] will be committed." Knapp, 441 Mass. at 162. To be sure, § 13(a) is clear that, upon finding probable cause, "'the [respondent] ... shall be committed to the treatment center . . . for the purpose of examination[,]"' Id. at 161 — 162 (original emphasis), and § 14(a) is equally clear that "'the [respondent] . . . shall be confined to a secure facility for the duration of the friar Id. at 162 (original emphasis). Consequently,
                                                            Page 4 of 8
the SDP law does not grant this Court "discretion to consider relief from confinement [ ] after a probable cause finding." Id.
            However, as the Court discusses next, the absence of statutory authority to grant Waylein a release hearing does not completely foreclose such relief.
B. Waylein's Right To Substantive Due Process Does Not Presently  Afford Him The Right To A Release Hearing 
            "While commitment proceedings under G. L. c. 123A are civil in nature, 'the potential deprivation of liberty to those persons subjected to [them] mandates that due process protections apply."' Knapp, 441 Mass. at 164 (citations and quotation omitted). Therefore, the SJC has acknowledged that there may be circumstances in which the continued confinement of a respondent, after a finding of probable cause to believe he is an SDP and without the opportunity to seek release, may amount to a substantive due process violation. Id.
            For example, in G.F. the SJC held that the right to substantive due process affords a respondent the right to seek release from confinement following a mistrial of an SDP petition pending the retrial. G.F., 479 Mass. at 198 — 199. Similarly, in Commonwealth v. Pariseau, 466 Mass. 805 (2014), citing the right to substantive due process, the SJC held that after a bench trial of an SDP petition, "[a] defendant may move for a prompt decision and supervised release while the matter remains under advisement and until a decision issues regarding sexual dangerousness." Id. at 814.
            "Substantive due process prohibits governmental conduct that 'shocks the conscience' or infringes on rights 'implicit in the concept of ordered liberty." G.F., 479 Mass. at 190 (citation omitted). The continuance of the trial in this matter for 90 days due to the pandemic certainly does not shock the conscience. That leaves the Court to
                                                            Page 5 of 8
consider whether the continued confinement of Waylein while awaiting trial without the opportunity for a release hearing otherwise violates his right to substantive due process under the circumstances.
            "If the government's action impairs a fundamental right [(such as the right to liberty)], that action must be 'narrowly tailored to further a legitimate and compelling governmental interest' in order to survive substantive due process review." Knapp, 441 Mass. at 164 (citation omitted). In Knapp, the SJC ruled that "the confinement of [of a person while awaiting trial after a finding of probable cause to believe he is an SDP] is narrowly tailored to the Legislature's expressed interest in protecting the public from harm by persons convicted of sexual offenses who are likely to be sexually dangerous." Id. at 166 (citation omitted).
            As stated, the Commonwealth argues that the ruling in Knapp forecloses Waylein from seeking release on probationary conditions. For his part, Waylein argues that the continuance of his trial for what may be a significant period if the SJC continues to foreclose jury trials beyond September 8, 2020, coupled with the Commonwealth's "objection" to a bench trial violates his right to substantive due process notwithstanding the ruling in Knapp.[3]
            The ruling in Knapp appears to control in the present circumstances of this case. The objectionable delay is a relatively short, although not insubstantial, period. However, the SJC has "consistently [ ] concluded that confinement pending an SDP trial is constitutional, only because that commitment is temporary, and the SDP statute
---------------------------
[3]The Court acknowledges that the Commonwealth has asserted its statutory right to a jury trial, rather than objected to Waylein's request for a bench trial. However, this distinction is not material to the Court's analysis.
                                                            Page 6 of 8
requires an expedited timeline for trial." G.F., 479 Mass. at 196 (citations omitted) (emphasis added). As the SJC recently observed in a case involving the impact of delay of court proceedings due to the pandemic, it "ha[s] recognized that due process imposes limitations on the length of time a person may be held awaiting trial." Lougee, 485 Mass. at 83. In fact, in certain cases "due process may require a hearing to determine whether the length of pretrial detention has become unreasonable." Id.
            Like the defendants in Lougee, "[w]e have not yet reached th[e] point in the present case[ where the right to due process entitles Waylein to a release hearing], and there is good reason to believe we will not in the future." Id. at 84. However, if the trial is postponed due to the pandemic and the Commonwealth continues to assert its right to a jury trial, there very well may come a time when due process entitles Waylein to a release hearing.[4][5]
---------------------------
[4] Given the Court's determination that Knapp controls the outcome under the present circumstances, it did not consider the reports of the Qualified Examiners and the exhibits at the probable cause hearing to determine the likelihood of the Commonwealth's success at trial as requested by Waylein. The Knapp analysis recognized the judicial finding of probable cause after an evidentiary hearing is sufficient assurance of due process for temporary commitment while awaiting trial. Knapp, 441 Mass. at 165. However, the reports and exhibits may be relevant if the Court ultimately grants Waylein a release hearing.
[5]Waylein has not argued that the failure to afford him a release hearing violates his right to procedural due process, the second part of the constitutional due process analysis. "Procedural due process, the second part of [the] constitutional analysis, 'requires that a statute or governmental action that has survived substantive due process scrutiny be implemented in a fair manner.'" Knapp, 441 Mass. at 164 (citation omitted). Nevertheless, the SJC in Knapp ruled that the confinement of a respondent, after a judge has found probable cause exists to believe the he is sexually dangerous and after the Commonwealth has petitioned for trial, "is implemented in a fair manner under the statute and therefore satisfies the requirements of procedural due process." Id. at 166.
                                                            Page 7 of 8
            For the forgoing reasons, the Motion For Release is DENIED without prejudice for reconsideration if the trial is continued for a "far greater period of time," Id., due to the continued prohibition on jury trials and the Commonwealth's objection to a bench trial.
ORDER
            For the above reasons, it is HEREBY ORDERED that:
            1. Defendant's Motion For Release Pending Jury Trial (Paper No. 20) is DENIED without prejudice.
@/s/Jeffrey T. Karp Associate Justice, Superior Court
@June 30, 2020
                                                            Page 8 of 8
xxz